Raymond V. FELAN, Individually and as Next Friend to Ashleigh F. Felan, a minor child, Asia F. Felan, a minor child, and Jared M. Felan, a minor child, and as Administrator of the Estate of Josephine Garcia Felan, Appellants,

v.

HUMANA, INC., and Humana Health Plan of Texas, Inc., Appellees.

No. 04–03–00929–CV.

Court of Appeals of Texas, San Antonio.

Dec. 29, 2004.

Rehearing Overruled March 22, 2005.

---

**2.** We note that at least one of the burglars actually denied that appellant was involved.

Ted H. Roberts, M'Liss Christian, Law Office of Ted H. Roberts, P.C., San Antonio, for appellants.

W. Richard Wagner, Patterson & Wagner, L.L.P., San Antonio, for appellees.

Sitting: PAUL W. GREEN, Justice, KAREN ANGELINI, Justice, SANDEE BRYAN MARION, Justice.

## OPINION

Opinion by PAUL W. GREEN, Justice.

This is a limitations case involving the misidentification of defendants. The plaintiff mistakenly sued the wrong defendant because of a similarity of names. When the correct defendant was finally sued, the limitations period had expired. The question is whether the plaintiff is saved from a limitations defense because the correct defendant had timely notice of the suit. We hold that notice of the suit by the correct but untimely sued defendant results in equitable tolling of limitations. Accordingly, the summary judgment order is reversed and the matter is remanded to the trial court.

### Factual and Procedural Background

Raymond V. Felan was an employee of Humana, Inc., a health care provider. He and his wife, Josephine, were insured by Humana Health Plan of Texas, Inc., a health insurance plan made available to Humana's employees. Josephine became ill and her medical treatment was undertaken and paid for in accordance with the terms of the insurance plan. Ultimately, Josephine's treatment was unsuccessful and she died on January 22, 1999. On July 10, 2000, Raymond, individually and on behalf of his minor children and his wife's estate, sued Humana Health Care n/k/a National Association of Family and Friends (NAFF), claiming it was negligent

in making health care decisions for Josephine that resulted in her death. NAFF answered the suit, denying it was a proper party or that it was liable in the capacity sued. In February 2002, NAFF filed a motion for summary judgment asserting it was not liable to Raymond because it had ceased to exist as an entity some five years before the alleged wrongful conduct. No summary judgment response was filed, but before the hearing on the motion, Raymond filed his Motion to Substitute True Name of Party which, for the first time, identified Humana, Inc. and Humana Health Plan of Texas, Inc. (Humana) as the correct defendants, and acknowledging that NAFF had been incorrectly sued. The summary judgment hearing was postponed and no ruling was made on Raymond's motion to substitute parties. In the meantime, in July 2002, Raymond filed his First Amended Original Petition which formally named Humana as defendants and deleted NAFF as a named party, effectively non-suiting that entity. Raymond thereupon agreed to a take-nothing judgment in favor of NAFF.

A month later, Raymond sought a ruling on his motion to substitute parties, but because no service of citation had been completed on Humana, and because NAFF's counsel claimed no authority to act on behalf of Humana, the trial court refused to rule. Humana was finally served with citation in February 2003 and the same counsel who had represented NAFF was hired to defend Humana. Because suit against Humana was commenced well past the applicable limitations period, Humana's answer alleged a limitations defense, and a motion for summary judgment was filed on the ground that the suit was time barred. Raymond responded by claiming that Humana, even though not timely sued, had notice of the suit and was thus not misled, prejudiced or disadvantaged as a result of the mistake. On the date of the summary judgment hearing, Raymond asked for a continuance for the purpose of seeking more information to support his contention that Humana was not prejudiced as a result of the pleading error. The continuance motion was denied, and a take-nothing summary judgment was thereupon rendered in favor of Humana from which judgment Raymond now appeals.

### Discussion

■ Raymond says the trial court erred in granting the summary judgment motion on limitations grounds because the correct defendant, although misnamed, was timely sued, and because he was entitled to equitable tolling of the limitations period.

■ Raymond first contends this is a misnomer case. A misnomer occurs where the correct entity has been sued but has merely been misnamed. *See Enserch Corp. v. Parker*, 794 S.W.2d 2, 4–5 (Tex. 1990). In the case of misnomer, limitations is tolled and a subsequent amendment of the petition relates back to the filing date of the original petition. *Id.* But as Raymond admitted, he did not sue the correct entity. NAFF was unrelated to Humana, the true target of his suit. Accordingly, rather than misnomer, this is a case of misidentification. A misidentification occurs if there are two or more separate but unrelated entities that use a similar name and the plaintiff sues the wrong one. *Id.* When that occurs, limitations is not tolled unless "the correct entity had notice of the suit and was not misled or disadvantaged by the mistake." *Chilkewitz v. Hyson*, 22 S.W.3d 825, 830 (Tex. 1999).

Because Humana is a separate and unrelated entity from NAFF, limitations is not tolled, and summary judgment is proper, unless it is determined that Humana had notice of the suit during the limita-

tions period and would not be misled or disadvantaged by the mistake of pleading. *Id.*

It appears to be undisputed that Humana had actual knowledge of the suit that was originally filed against NAFF. Walter E. Neely, a former principal of NAFF, submitted an affidavit in support of NAFF's motion for summary judgment explaining why it was not liable to Raymond. In his affidavit, Neely said he had "been told and understand that the Plaintiffs in [the case] have filed suit against 'Humana Health Care Association n/k/a National Association of Family and Friends' claiming that the Defendant was negligent in failing to exercise ordinary care decisions regarding the health care of Josephine Garcia Felan, and in failing to authorize and procure a referral to a tertiary care oncology center in March 1998." Neely also happens to be the Vice–President and Associate General Counsel for Humana.

Neely's position with Humana was enough to impute his knowledge of the suit to his employer. Humana would then have known, or should have known, that it would be the target if Raymond ever learned the correct facts, and it would appear that it had as much opportunity to prepare a defense as if it had been named the defendant in the original petition. *See Continental Southern Lines, Inc. v. Hilland,* 528 S.W.2d 828, 831 (Tex.1975).

Contrary to Humana's contention, the issue is not the diligence of the plaintiff in suing the correct defendant, but "whether the legitimate purpose of the limitations statute would be served by its application under circumstances where no party is misled or placed at a disadvantage by the error in pleading." *Enserch Corp.,* 794 S.W.2d at 5. After all, "[t]he primary purpose of a statute of limitations is to compel the exercise of a right within a reasonable time so that the opposite party has a fair opportunity to defend while witnesses are available and the evidence is fresh in their minds." *Continental Southern Lines, Inc.,* 528 S.W.2d at 831. If Humana had actual knowledge of Raymond's claims and a fair opportunity to defend itself, it does not serve the purpose of the statute of limitations to impose a strict time bar on Raymond's suit merely because of a mistake in suing the wrong, but similarly named, entity. The issue is sustained.

### Conclusion

When Humana acquired actual knowledge of the suit facts, it either knew or should have known that it was the intended target of Raymond's claims. Accordingly, it would have had as much opportunity to prepare a defense then as if it had been named the original defendant. But whether or not Humana was misled or disadvantaged by the pleading error is a fact issue that is unresolved by this record. Accordingly, the summary judgment order is reversed and the matter is remanded to the trial court.

It is not necessary to address Raymond's remaining issues.