**BRINSON FORD, INC., Individually and d/b/a Brinson Ford Lincoln Mercury, Petitioner,**

v.

**Connie W. ALGER, Respondent.**

No. 05–0722.

Supreme Court of Texas.

June 15, 2007.

Christopher J. Pruitt, John R. Lively Jr., Brown Pruitt Peterson & Wambsganss, P.C., Fort Worth, for Petitioner.

Carl D. Tillery, Tillery & Tillery, Dallas, for Respondent.

PER CURIAM.

Connie Alger fell from a pedestrian ramp while visiting a car dealership and brought this premises liability action for the injuries she sustained. The trial court granted summary judgment in the premises owner's favor without specifying the ground. A divided court of appeals reversed, holding that fact issues existed as to the premises owner's actual or constructive knowledge of the condition, whether the condition posed an unreasonable risk of harm, and whether the premises owner failed to exercise reasonable care to reduce or eliminate the risk of harm. 169 S.W.3d 340. We hold that Alger presented no evidence of a premises condition that posed an unreasonable risk of harm, and reverse and render judgment in Brinson Ford's favor.

Connie Alger went to Brinson Ford, Inc. to pick up friends who were having work done on their car. Alger entered the dealership through a side entrance, but exited through the front door where a pedestrian ramp leads to the parking lot. Although there were handrails along most of the ramp as it sloped down to ground level, a small portion of the ramp extended beyond the handrails to the sidewalk. The highest point of this unrailed section was four inches above the sidewalk, and it was marked by yellow paint along the ramp's edges and around the parking space next to the ramp. The ramp is the dealership's main entrance, and Brinson Ford had no record that anyone had ever fallen from it in the nearly ten years between the business's opening and Alger's fall. Alger testified that when she reached the point where the handrails ended, she thought the ramp had ended too. When she turned to walk toward her car, Alger stepped off the unrailed portion of the ramp and fell.

Alger sued Brinson Ford alleging that the ramp's configuration was a premises condition posing an unreasonable risk of harm, Brinson Ford knew or should have known of the danger, and Brinson Ford failed to exercise ordinary care to protect her from it. The dealership filed a motion for summary judgment under sections (c) and (i) of Rule 166a of the Texas Rules of Civil Procedure. The motion asserted a number of grounds, including that there was no evidence of a premises condition that presented an unreasonable risk of harm; alternatively, Brinson Ford contended the evidence established as a matter of law that the condition of the premises did not pose an unreasonable risk of harm. In response to the dealership's mo-

tion, Alger submitted the affidavit of its safety engineering expert, Jack T. Madeley. Madeley's affidavit identifies the safety requirements of the Texas Accessibility Standards established by the Texas Department of Licensing and Regulation[1] and the Standard Practice for Safe Walking Surfaces[2], and acknowledges that the ramp meets both sets of requirements. But Madeley opines that:

> [t]he ramp in question is deceiving in appearance. The upper level of the ramp has railing down the sides. The lower part does not. This can give a visual cue indicating the ramp does not extend. The sides of the lower portion of the ramp where Ms. Alger fell was a varying slope along the side of the parking area. If the yellow stripping as seen in the photos was present at the time of the incident ... [i]t would likely lead one to believe that it was to mark the edge of parking spaces.

Madeley's affidavit further concludes that the ramp was "unreasonably dangerous." The court of appeals held that this statement was conclusory and thus no evidence of a premises defect. 169 S.W.3d at 344. Alger does not challenge that holding here, and we give no weight to Madeley's legal conclusion.

The plaintiff in a premises liability case must establish that the premises owner knew or should have known of a dangerous condition on the premises that presented an unreasonable risk of harm and that the condition proximately caused the plaintiff's injuries. *Seideneck v. Cal Bayreuther Assocs.*, 451 S.W.2d 752, 754 (Tex.1970). The duty a premises owner owes to its invitees is not that of an insurer. *CMH Homes, Inc. v. Daenen,* 15

---

1. *Available at* http:/ /www.license.state.tx.us/ ab/tas/tassection04—02 to 04—09.pdf.

2. American Society for Testing and Materials, *Standard Practice for Safe Walking Surfaces, in* the Annual Book of ASTM Standards 2 (1996).

S.W.3d 97, 101 (Tex.2000). That is to say, a condition is not unreasonably dangerous simply because it is not foolproof. *Brookshire Grocery Co. v. Taylor*, 222 S.W.3d 406, 410 (Tex.2006). A condition is unreasonably dangerous if it presents an unreasonable risk of harm. *See Seideneck*, 451 S.W.2d at 754.

■ We hold that, as a matter of law, the ramp at issue in this case did not pose an unreasonable risk of harm. The area of the ramp without handrails met applicable safety standards and was further outlined in yellow stripping that the dealership added, which is a common method used to indicate a change in elevation. The highest point of the downward-sloping unrailed portion of the ramp was four inches, less than the height of an average step. No other customer visiting the property over a ten-year period had ever been injured by the ramp, nor has the dealership received complaints about the ramp's safety. Thus, the trial court properly granted summary judgment in the dealership's favor, and the court of appeals erred in reversing the trial court's judgment. Accordingly, we grant the petition for review and without hearing oral argument pursuant to Rule 59.1 of the Texas Rules of Appellate Procedure, we reverse the court of appeals' judgment and render judgment for Brinson Ford.