# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00656-CV

**Esther Allewitz, Appellant**

**v.**

**Baltgem Develop Corp.; Barget Development Corp.; Karjoy Development Corp.;
Maxland Development Corp.; Jopat Building Corp.; Natural Bridge Development Corp.;
Pajia Realty Corp.; Third Creek LLC; LFVMGMT, Inc.; and FVMGMT, Inc., Appellees**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT NO. 09-1090-C26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Esther Allewitz appeals the take-nothing summary judgment granted on her negligence and premises liability claims against the appellees.[1] Allewitz sued appellees for damages arising from a wreck in which the car Allewitz was driving was broadsided by a vehicle driven by Eusebio Martinez as she pulled out of a driveway from property owned or maintained by appellees. She alleged that appellees were negligent, were negligent per se for violating various codes and ordinances, and were responsible for a premises defect in the "dangerous condition created by the portions of the property that obstructed [her] sight lines as she was leaving the premises." The

---

[1] Appellees are Baltgem Develop Corp.; Barget Development Corp.; Karjoy Development Corp.; Maxland Development Corp.; Jopat Building Corp.; Natural Bridge Development Corp.; Pajia Realty Corp.; Third Creek LLC; LFVMGMT, Inc.; and FVMGMT, Inc. They and the trial court describe appellees as "The Landowner Defendants."

trial court granted summary judgment based on Allewitz's deposition testimony negating causation on her claims as a matter of law. On appeal, Allewitz contends that the summary judgment is erroneous because her testimony was equivocal and inconclusive and because Martinez's testimony shows a fact issue exists as to causation. She also contends that the summary judgment violates the policy against allowing inconsistent factual findings. We affirm.

We review the district court's summary judgment de novo. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex. 2004). Under the traditional summary judgment standard, the movant has the burden of showing there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Browning v. Prostok*, 165 S.W.3d 336, 344 (Tex. 2005). We take as true evidence favorable to the non-movant and resolve all doubts in its favor. *Joe*, 145 S.W.3d at 156. The movant is entitled to summary judgment if the evidence disproves, as a matter of law, or conclusively negates at least one element of the plaintiff's claims. *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004); *Friendswood Dev. Co. v. McDade + Co.*, 926 S.W.2d 280, 282 (Tex. 1996).

Appellees asserted in their motion for summary judgment that Allewitz could not prove that appellees proximately caused the accident or her injuries in this case. The elements of a negligence cause of action are the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach. *IHS*, 143 S.W.3d at 798. The plaintiff in a premises liability case must establish that the premises owner knew or should have known of a dangerous condition on the premises that presented an unreasonable risk of harm and that the condition proximately caused the plaintiff's injuries. *Brinson Ford, Inc. v. Alger*, 228 S.W.3d 161, 162 (Tex. 2007). Proximate

2

cause consists of cause in fact and foreseeability. *See Leitch v. Hornsby*, 935 S.W.2d 114, 118-19 (Tex. 1996). A defendant's negligence or premises defect is a cause in fact of the plaintiff's injuries if it was a substantial factor in bringing about the injury, without which the harm would not have occurred. *See Marathon Corp. v. Pitzner*, 106 S.W.3d 724, 727 (Tex. 2003); *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995).

Appellees attached to their motion for summary judgment an excerpt from Allewitz's deposition. It provides in relevant part as follows:

Q. Okay. How far forward do you think you moved before you actually started out?

A. I—I really don't recall.

Q. After you inched forward some distance, did you then look again to your left?

A. Yes.

Q. Did you have a clearer view to your left at that point?

A. Yes.

Q. Did you have a view to your left that was unobstructed after you had inched forward?

A. I believe so.

Q. And what do you remember seeing after you had inched forward and looked again to your left?

A. I don't know.

Q. Okay. You didn't see any vehicles approaching?

A. I didn't see any vehicles approaching.

Q. Is it safe to say then that before you actually started out into the intersection, into the roadway, you had a clear view of traffic approaching from your left?

A. Yes.

. . . .

Q. Well, the only reason I'm asking, Mrs. Allewitz, is you said that perhaps you believed that there was a four-way stop, and if you thought it was a four-way stop, then traffic approaching from your left would have to stop.

A. I have no idea.

Q. No idea whether you thought it was a four-way stop?

A. I really don't recall.

Q. Okay is it possible, Mrs. Allewitz, that the reason that you pulled forward is that you thought any traffic that was coming from your left would have to stop?

A. Maybe.

Q. So just—just so we're clear, Mrs. Allewitz, your recollection is you came to a stop at the stop sign, looked to your left, saw your view obstructed by bushes and trees.

A. Yes.

Q. Moved forward some additional distance.

A. Yes.

Q. Looked again to your left.

A. Yes.

Q. And no longer had any obstructions to your view.

A. Yes.

Q. And at that point you started across the road.

4

A.  Yes.

. . . .

Q.  So you had a clear view and just never noticed any red pickup coming.

A.  Yes.

Q.  Is it possible that you noticed a vehicle coming but assumed that it would have to stop?

A.  I didn't see it coming.

Q.  If you had seen it coming, what would you have done?

A.  I don't know.

Allewitz unequivocally testified that, after stopping at the stop sign, she moved forward and had a view clear of any obstructions, saw no vehicles coming, and then proceeded into the intersection and was struck by a vehicle.  Based on this uncontroverted evidence, the alleged acts or omissions by appellees as well as the alleged premises defect were not a cause of the accident or Allewitz's injuries.

Allewitz argues that a fact issue exists here because she was equivocal or inconsistent in her testimony.  She points to her answers in the excerpt above to which she answered "I really don't recall," "I have no idea," and "I don't know," but those answers did not respond to questions related to causation by appellees' actions, omissions, or premises conditions.  She also points to the following testimony that preceded the excerpts quoted above:

I got into the car and there was a stop sign.  I stopped at the stop sign, I looked to the right and to the left, there were a lot of bushes around there or trees, whatever they

5

were, and I started to go forward. I heard a sound, but it was too late; by that time it got to me.

When asked another time whether she "had the option of moving forward a considerable distance before [she] actually reached the roadway," she responded, "I believe so." She testified that she could not recall exactly how far forward she moved after stopping at the stop sign but before entering the intersection. None of these excerpts conflict with her other more detailed, unequivocal testimony about what happened after she initially stopped at the stop sign.

Allewitz also contends that the following excerpts from Martinez's testimony create a fact question as to causation:

Q. Okay. Where is she the first time you see her? She's not at the point of impact yet, I assume?

A. Correct.

Q. Because she's moving?

A. I don't know if she was moving or not.

Q. Okay. But where was she the first time you saw her?

A. At the stop sign.

Q. She was at the stop sign?

A. As I was going, she was at the stop sign. When I got that close, when I noticed she was there, I kept on going.

Q. Uh-huh.

A. And when I kept on going, she pulled out right in front of me. And there was no time to react, you know. It was already too late.

Q. Okay. So when you first see her driving east on Sundance Parkway, she's stopped at the stop sign?

A. Correct.

Q. Is that right?

A. She's stopped, yeah.

Q. Okay. And then you keep going and, boy, she just pulls out right in front of you?

A. Correct.

This testimony does not controvert Allewitz's testimony that she pulled clear of any visual obstructions on appellees' property, saw no oncoming traffic, proceeded into the intersection, and was hit by Martinez's pickup. It does not create a fact question about whether appellees proximately caused the collision or Allewitz's injuries.

Allewitz contends that granting summary judgment for appellees would permit the likelihood of inconsistent factual findings. She argues that, if the jury believes Martinez's view of the testimony, the jury will "likely believe that the wreck was caused by the visual obstructions," in conflict with the trial court's summary judgment ruling that it could not have been caused by the obstructions. This argument was not presented to the trial court in Allewitz's response to the motion for summary judgment and, therefore, "shall not be considered on appeal as grounds for reversal." Tex. R. Civ. P. 166a(c). Finally, though we will not speculate on what a jury might find if there were a trial, we observe that a jury could believe Martinez's version of events as well as Allewitz's version. Martinez's version does not conflict with or controvert Allewitz's version of events or the critical fact that Allewitz admits she had an unobstructed view of the roadway before entering it.

The testimony submitted with the summary judgment motion and response shows that there is no genuine issue of material fact and that, as a matter of law, appellees' actions, omissions, and premises condition were not the proximate cause of Allewitz's accident or injuries. The court did not err by granting appellees' motion for summary judgment.

Affirmed.

_____

G. Alan Waldrop, Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Affirmed

Filed: August 12, 2010