

# NUMBER 13-10-00405-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **FLORENCE NORENE CRAIG,** | **Appellant,** |
| **v.** | |
| **BEEVILLE FAMILY PRACTICE, L.L.P.**<br>**AND AGARITA MEDICAL CLINIC,** | **Appellees.** |

## On appeal from the 156th District Court
## of Bee County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Benavides and Vela
### Memorandum Opinion by Chief Justice Valdez

Florence Norene Craig appeals a take-nothing judgment rendered in favor of appellees, Beeville Family Practice, L.L.P. and Agarita Medical Clinic,[1] in a premises liability case. We affirm.

---

[1] Appellee Beeville Family Practice, L.L.P. contends that Craig has waived any appellate complaint against Agarita Medical Clinic as an appellee because she did not submit any issues against

## I. BACKGROUND

On February 6, 2006, Craig gave her friend, Garnett Sellers, a ride to the Beeville Family Practice's medical clinic ("Clinic") in Beeville, Texas. Craig had taken Sellers to the Clinic on other occasions, and had been there approximately thirty times as a patient herself. Craig initially waited in the car for Sellers to complete her treatment, but then entered the Clinic and asked the receptionist if she could check on Sellers and also share some chips and dip with the Clinic's staff. The receptionist invited Craig into the Clinic and opened the door for her. Craig approached the nurse's station and began talking to Dr. Grady Hogue and his nurse Mary Arredondo. Craig had her purse on her left shoulder and was holding a bag containing the chips and dip in her left arm. As she was walking toward and around the end of a counter area while speaking with Dr. Hogue, Craig tripped over a wastebasket and fell. The wastebasket was located at the side of a desk at the nurse's station, partially under a protruding ledge, and was immediately adjacent to a walkway or hall. Craig ruptured the scapholunate ligament in her wrist and suffered floating pieces of bone in her shoulder and shoulder joint. Craig will eventually require surgery for these injuries.

The case was submitted to a jury on the following premises liability charge:

> Did the negligence, if any, of either or both of those named below proximately cause the fall in question?
>
> With respect to the condition of the building in issue, the acts or omissions, *Beeville Family Practice, L.L.P.* was negligent if —
>
> 1. the condition posed an unreasonable risk of harm, and
>
> 2. *Beeville Family Practice, L.L.P.* knew or reasonably should have known of the risk of harm, and

---

Agarita Medical Clinic in the charge. We need not address this issue herein given our disposition of the appeal. *See* TEX. R. APP. P. 47.1, 47.4.

3. *Beeville Family Practice, L.L.P.* failed to exercise ordinary care to protect *Norene Craig* from the risk of harm, by both failing to adequately warn *Norene Craig* of the condition and failing to make that condition reasonably safe.

"Ordinary care," when used with respect to the conduct of *Beeville Family Practice, L.L.P.* as an owner or occupier of the building, means that degree of care that would be used by a building owner or occupier of ordinary prudence under the same or similar circumstances.

With respect to the conduct of *Norene Craig*, negligence means failure to use ordinary care.

"Ordinary care," when used with respect to the conduct of *Norene Craig* means that degree of care that would be used by a person or ordinary prudence under the same or similar circumstances.

The jury found that neither the Clinic nor Craig were negligent. The trial court entered a take-nothing judgment. This appeal ensued.

Craig raises three issues by which she contends that: (1) the trial court abused its discretion in excluding testimony and evidence regarding the Americans With Disabilities Act and the related Texas Accessibility Standards; (2) the trial court abused its discretion in excluding evidence of the public representations on the State Medical Board website by Dr. Hogue and the Clinic claiming that the Clinic's facility was in compliance with all applicable state and federal laws; and (3) the verdict was supported by legally and factually insufficient evidence.

## II. EXCLUSION OF EVIDENCE

Craig's first two issues on appeal concern the trial court's rulings excluding evidence. We review the admission or exclusion of evidence under an abuse of discretion standard. *See In re J.P.B.*, 180 S.W.3d 570, 575 (Tex. 2005). A trial court

3

abuses its discretion if it acts without reference to any guiding rules and principles or if its ruling is arbitrary and unreasonable. *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 754 (Tex. 1995). If there is a legitimate basis in the record to support the ruling, we must uphold it. *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998).

The exclusion of evidence is reversible error if the complaining party shows that the trial court committed error that probably caused the rendition of an improper judgment. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 812 (Tex. 2010); *State v. Cent. Expressway Sign Assocs.*, 302 S.W.3d 866, 870 (Tex. 2009); *see* TEX. R. APP. P. 44.1. We review the entire record to determine if the error probably resulted in the rendition of an improper judgment. *Cent. Expressway Sign Assocs.*, 302 S.W.3d at 870. The exclusion or admission is likely harmless if the evidence was cumulative, or the rest of the evidence was so one-sided that the error likely made no difference in the judgment. *See id.; Reliance Steel & Aluminum Co. v. Sevcik*, 267 S.W.3d 867, 873 (Tex. 2008). But if erroneously admitted or excluded evidence was crucial to a key issue, the error is likely harmful. *Cent. Expressway Sign Assocs.*, 302 S.W.3d at 870.

In her first issue, Craig asserts that the trial court erred in excluding testimony and evidence concerning the Americans with Disabilities Act ("ADA") and the related Texas Accessibility Standards ("TAS"). In her second issue, Craig contends that the trial court erred in excluding evidence that the Clinic publicly represented that it complied with the ADA and TAS at the Texas Medical Board's website.

Prior to trial, Craig indicated that her expert in building and walkway safety and design and associated human factors, Dr. Deborah Hyde, would testify that the location

4

of the wastebasket violated the ADA and the TAS. The Clinic filed a motion to exclude that evidence on grounds that these statutes did not apply to this case and that the evidence was irrelevant, or alternatively, that any probative value was substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. The Clinic asserted that the ADA is a civil rights statute that applies to discrimination cases and that the TAS is intended to make buildings accessible to persons with disabilities. The Clinic pointed out that the ADA does not provide a private cause of action for monetary damages, that Craig is not disabled, and that she neither pleaded negligence per se based on any alleged ADA violations nor any causes of action regarding the ADA or TAS. In response, Craig asserted that the underlying case involves a unique application of the facts to the law, including the standards of operator/owner conduct for pedestrian mobility and safety, and the ADA's safety standards of care should be available to "determine whether a place is as safe as [it] can be." After a hearing, the trial court allowed Hyde to testify, but granted the Clinic's motion to exclude evidence pertaining to the ADA and TAS. Craig provided a bill of exceptions regarding the excluded testimony.

The ADA prohibits discrimination against the disabled in the full and equal enjoyment of public accommodations and transportation services. *Spector v. Norwegian Cruise Line, Ltd.*, 545 U.S. 119, 128–29 (2005); *see* 42 U.S.C.A. §§ 12101-12213 (West 2005 & Supp. 2011). The purpose of the ADA is "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1). The TAS was promulgated by the Texas Commission of Licensing and Regulation and published by the Texas Department of

5

Licensing and Regulation pursuant to the Architectural Barriers Act. *See* TEX. GOV'T CODE ANN. § 469.052 (West 2004) (assigning obligations related to adoption of standards and specifications). The Architectural Barriers Act states:

> This chapter is intended to further the policy of this state to encourage and promote the rehabilitation of persons with disabilities and to eliminate, to the extent possible, unnecessary barriers encountered by persons with disabilities whose ability to engage in gainful occupations or to achieve maximum personal independence is needlessly restricted.

TEX. GOV'T CODE ANN. § 469.001(c). "This statute and the standards promulgated under it are clearly intended to prevent injury to and discrimination against disabled persons." *City of Dallas v. Patrick*, 347 S.W.3d 452, 459 (Tex. App.—Dallas 2011, no pet.).

In the instant case, Craig brought common law claims of negligence against the clinic based on an alleged violation of the Clinic's duty owed to Craig as a business invitee. To recover damages for premises liability, Craig must establish that the premises owner-operator had actual or constructive knowledge of a dangerous condition on the premises that presented an unreasonable risk of harm and that the condition proximately caused her injuries. *Brinson Ford, Inc. v. Alger*, 228 S.W.3d 161, 162 (Tex. 2007). The standard of care required of the owner-operator toward its invitees is the ordinary care that a reasonably prudent person would exercise under the same or similar circumstances. *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 295 (Tex. 1983). While a premises owner-operator is not an insurer of its invitees' safety, it must protect invitees from conditions on the property that present an unreasonable risk of harm. *Brinson Ford, Inc.*, 228 S.W.3d at 163 (citing *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 101 (Tex. 2000)). As such, the Clinic owed Craig a duty to exercise reasonable care to protect her from known or reasonably discoverable dangerous

6

conditions on the property. *See Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998).

In support of her argument that evidence pertaining to the ADA and TAS should have been held admissible, Craig cites the Texas Supreme Court's decision in *Brinson Ford, Inc. v. Alger*, 228 S.W.3d 161 (Tex. 2007) (per curiam). In *Brinson*, the plaintiff was injured when she fell from a pedestrian ramp while visiting a car dealership. *Id.* at 161. By affidavit in response to a motion for summary judgment filed by the dealership, the plaintiff's expert evaluated the risk of harm arising from the ramp by reference to the TAS and acknowledged that the ramp complied with those standards. *Id.* at 162. The supreme court upheld summary judgment in favor of the car dealership, holding that, "as a matter of law, the ramp at issue in this case did not pose an unreasonable risk of harm." *Id.* at 163.

Craig further contends that "the TAS has been considered appropriate for a jury's consideration in determining whether construction met or violated the standards." In support of this proposition, Craig provides citations to *Another Attic, Ltd. v. Plains Builders, Inc.*, No. 07-08-0312-CV, 2010 Tex. App. LEXIS 9620 (Tex. App.—Amarillo Dec. 6, 2010, no pet.) (mem. op.) and *Lake Conroe Med. Ctr., Ltd. v. KMT Bldg. Co.*, 290 S.W.3d 541, 545 (Tex. App.—Beaumont 2009, no pet.). These cases arise from litigation over construction projects.

Craig further asserts that the ADA and TAS are admissible by analogy to "governmental regulatory standards associated with employer-employee relationships [which] can be used to establish a duty and a standard of care in negligence cases," citing, *e.g., Pratico v. Portland Terminal Co.*, 783 F.2d 255 (1st Cir. 1985) and *Dixon v.*

7

*Int'l Harvester Co.*, 754 F.2d 573 (5th Cir. 1985), which are cases concerning the admissibility of OSHA regulations and their applicability to negligence and negligence per se actions.

None of the cases cited by Craig stand for the proposition that the trial court abused its discretion in excluding evidence pertaining to the ADA and TAS for the purposes of determining negligence in a premises liability action. Similarly, none of the cases cited by the Clinic stand for the proposition that evidence pertaining to the ADA and TAS is inadmissible in a premises action. Our research indicates that the law from other jurisdictions is inconsistent. *Compare e.g., Levin v. Dollar Tree Stores, Inc.*, 2006 U.S. Dist. LEXIS 88595 (E.D. Pa. Dec. 6, 2006) (excluding evidence regarding ADA standards in a premises action) *with Theatre Mgmt. Group, Inc. v. Dalgliesh*, 765 A.2d 986, 987 (D.C. 2001) (sustaining the trial judge's admission of evidence regarding ADA standards in a premises action).

Texas Rule of Evidence 703 addresses the sources of data an expert may rely upon:

> BASES OF OPINION TESTIMONY BY EXPERTS. The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by, reviewed by, or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence.

TEX. R. EVID. 703. The fact that an expert in a specific field might reasonably rely upon a particular source of data is the beginning of the question of admissibility and not the end of the question whether that underlying data is admissible. *See id.* When the admissibility of an expert's underlying data is unclear, the question of admissibility is

committed to the trial court's discretion as governed by the balancing test guidelines set within Rule 705, entitled "Disclosure of Facts or Data Underlying Expert Opinion":

> Balancing Test; limiting Instructions. When the underlying facts or data would be inadmissible in evidence, the court shall exclude the underlying facts or data if the danger that they will be used for a purpose other than as explanation or support for the expert's opinion outweighs their value as explanation or support or are unfairly prejudicial. If otherwise inadmissible facts or data are disclosed before the jury, a limiting instruction by the court shall be given upon request.

TEX. R. EVID. 705(d). In cases where admitting this data presents a risk of the jury considering the data for some purpose other than as a basis for the expert's opinion, and where this risk outweighs the explanatory value of the data, that potential harm should be cured by a limiting instruction. *Id.* This process is governed by Rule 105:

> (a) Limiting Instruction. When evidence which is admissible . . . for one purpose but not admissible . . . for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly; but, in the absence of such request the court's action in admitting such evidence without limitation shall not be a ground for complaint on appeal.
>
> (b) Offering Evidence for Limited Purpose. When evidence referred to in paragraph (a) is excluded, such exclusion shall not be a ground for complaint on appeal unless the proponent expressly offers the evidence for its limited, admissible purpose . . . .

TEX. R. EVID. 105. When the trial court excluded the evidence regarding the ADA and TAS, Craig did not seek a limiting instruction, which is the specific mechanism set forth within the Texas Rules of Evidence to cure the potential for harm from admitting evidence that an expert might properly rely upon but which might otherwise be inadmissible. *See* TEX. R. EVID. 705(d). Under Rule 105(b), this request for a limiting instruction becomes a prerequisite to challenging the evidentiary ruling on appeal. While there are cases which have concluded that similar data can be admissible under

9

some circumstances,[2] the matter is governed by a balancing test committed to the trial court's discretion under Rule 705(d). In this case, the trial court's balancing analysis resulted in the exclusion of the evidence, and while the potential for harm could have been cured with a limiting instruction, *id.*, Craig did not request such a limiting instruction. Under Rule 105(b), the appellate challenge to the trial court's discretionary balancing decision must be denied.

As stated previously, if there is a legitimate basis in the record to support the trial court's ruling excluding this evidence, we must uphold that ruling. *See Owens-Corning Fiberglas Corp.*, 972 S.W.2d at 43. Accordingly, while such evidence may be admissible in certain contexts in premises liability causes of action, we do not conclude that the trial court abused its discretion in excluding the proffered evidence under the specific factual and procedural posture of this case. Moreover, based on the record evidence, we do not conclude that the exclusion of evidence pertaining to the ADA and TAS probably caused the rendition of an improper judgment. *See Waffle House, Inc.*, 313 S.W.3d at 812. The evidence is not crucial to the key issue in the case, that is, whether the Clinic had actual or constructive knowledge of a dangerous condition on the premises that presented an unreasonable risk of harm and that the condition proximately caused Craig's injuries. *Brinson Ford, Inc.*, 228 S.W.3d at 162. In this regard, we note that the placement of a wastebasket is a matter well within the jury's

---

[2] *Wal–Mart Stores, Inc. v. Seale*, 904 S.W.2d 718, 720 (Tex. App.—San Antonio 1995, no writ) (discussing how the admissibility of OSHA and ANSI standards falls within the trial court's broad discretion and holding as with "any abuse of discretion standard, this does not mean the standards will always come in" as evidence in every case, citing *Baker Marine Corp. v. Herrera*, 704 S.W.2d 58, 61 (Tex. App.—Corpus Christi 1985, writ denied), for admitting such evidence and *Sprankle v. Bower Ammonia & Chemical Co.*, 824 F.2d 409 (5th Cir. 1987), for excluding such evidence)); *see also Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 581 (Tex. 2001) ("General industry practice or knowledge *may* establish a basis for foreseeability to show negligence.") (emphasis added); *Morris v. JTM Materials, Inc.*, 78 S.W.3d 28, 50 (Tex. App.—Fort Worth 2002, no pet.) (discussing industry, federal, and state motor carrier safety standards).

purview. *Cf. K-Mart Corp. v. Honeycutt*, 24 S.W.3d 357, 361 (Tex. 2000) (excluding expert testimony on grounds it involved matters within the average juror's common knowledge).

We overrule Craig's first and second issues.

### III. SUFFICIENCY OF THE EVIDENCE

In her third and final issue, Craig contends that the jury's verdict was supported by legally and factually insufficient evidence. Craig specifically contends that the jury's finding of zero damages was unsupported by the evidence and so contrary to the weight of the evidence as to be clearly wrong and manifestly unjust. In support of her argument, Craig details the evidence pertaining to her injuries.

We conclude that the jury's failure to award Craig damages for her personal injuries was immaterial given the jury's failure to find liability on the part of the Clinic. Specifically, a finding of zero damages is immaterial in the absence of liability findings. *See Owens v. Rogers*, 446 S.W.2d 865, 866 (Tex. 1969) ("Any error relating to the damage issues would be immaterial since the jury found contributory negligence."); *S. Pine Limber Co. v. Andrade*, 124 S.W.2d 334, 335 (1939) ("The jury having found that the defendant was guilty of negligence in one particular, and that the plaintiff was also guilty of negligence in two particulars which was also the proximate cause of the accident and his resulting injuries, such finding barred any recovery upon his part and it was unnecessary for the jury to answer the issue on the amount of damages."); *Jones v. Lurie*, 32 S.W.3d 737, 744 (Tex. App.—Houston [14th Dist.] 2000, no pet.) ("Appellants overlook the well-established rule of law that a finding of zero damages is immaterial in the absence of liability findings."); *Winkle v. Tullos*, 917 S.W.2d 304, 318

11

(Tex. App.—Houston [14th Dist.] 1995, writ denied) ("A zero damages award presents no reversible error when the jury finds on sufficient evidence that the defendant was not negligent."); *Ramsey v. Lucky Stores, Inc.*, 853 S.W.2d 623, 635 (Tex. App.—Houston [1st Dist.] 1993, writ denied) ("It has long been the law in Texas that a finding of zero damages, even if contrary to the uncontroverted evidence, is rendered immaterial, by a finding of no liability."); *see also Gonzalez v. Cruz*, No. 13-07-00351-CV, 2008 Tex. App. LEXIS 5285, at *4 (Tex. App.—Corpus Christi July 17, 2008, no pet.) (mem. op.).

In the instant case, because the jury found no liability on the part of the Clinic, it was not error for the jurors to award Craig zero damages. We overrule Craig's third issue.

## IV. CONCLUSION

Having overruled each of Craig's issues, we affirm the judgment of the trial court.

_____
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
10th day of May, 2012.

12