**AFFIRM; Opinion Filed September 5, 2018.**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-17-01356-CV**

**SAMANTHA HUY, Appellant**
**V.**
**ROBERT TREJO, Appellee**

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-12-05068-E**

# MEMORANDUM OPINION

Before Justices Lang, Fillmore, and Schenck
Opinion by Justice Schenck

Samantha Huy appeals the trial court's take-nothing judgment on her premises-liability claim against Robert Trejo. In three issues, she challenges the legal and factual sufficiency of the evidence supporting the trial court's conclusions of law that she failed to prove (1) a dangerous condition existed (2) that was the proximate cause of her fall and injuries and (3) Trejo knew about the dangerous condition and failed to repair it. We affirm the trial court's judgment. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

For approximately six months, Huy lived with her husband Michael in an apartment located in Dallas that they leased from Trejo. Around 8:30 p.m. on October 6, 2010, Huy took two steps off the front stoop of the apartment when her right foot hit a crack in the pavement, and she fell to

the ground. Michael took Huy to the hospital where she was treated and diagnosed with a fractured foot. She could not put any weight on the foot and required surgery to repair the injury.

On May 7, 2012, Huy filed this lawsuit, asserting a premises-liability claim due to the alleged dangerous condition created by cracked pavement and little to no lighting in her apartment parking lot. The case proceeded to a bench trial, which resulted in a judgment in her favor against Trejo. Trejo appealed that judgment. *See Trejo v. Huy*, No. 05-14-00310-CV, 2015 WL 4109989, at \*1 (Tex. App.—Dallas July 8, 2015, pet. denied) (mem. op.). We reversed the trial court's judgment and remanded the cause to the trial court for a new trial on liability and damages. In doing so, we concluded the trial court erred in allowing Trejo to waive a jury trial before he was provided an interpreter. We also overruled Trejo's issues challenging the legal sufficiency of the evidence supporting the trial court's findings of fact. *Id.* at \*3–4.

On remand, both parties waived their respective rights to a jury trial, and the case proceeded to a bench trial on August 22, 2017. At trial, Huy, Trejo, and Michael testified, and Huy offered her medical records and photographs of the apartment and her injured foot. On August 28, 2017, the judge signed a take-nothing judgment in favor of Trejo. The next day, Huy timely requested findings of facts and conclusions of law and, thereafter, filed a notice of past-due findings of fact and conclusions of law. On October 18, 2017, the judge signed findings of facts and conclusions of law supporting the judgment. Huy timely filed this appeal.

## DISCUSSION

In three issues, Huy challenges the legal and factual sufficiency of the evidence supporting the trial court's conclusions of law. We review a trial court's conclusions of law de novo. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). We independently evaluate the trial court's conclusions of law to determine whether the trial court correctly drew the legal conclusions from the facts. *See id.* Appellant relies on the standard of review we apply to findings of fact, which requires that we review the sufficiency of the evidence in the record. *See*

–2–

*Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241–42 (Tex. 2001) (per curiam) (setting forth standards of review for legal and factual sufficiency of adverse finding on issue on which appellant has burden of proof). We may not review the sufficiency of the evidence to support conclusions of law. *In re Guardianship of Miller*, 299 S.W.3d 179, 188 (Tex. App.—Dallas 2009, no pet.) (en banc). However, we may review the correctness of the conclusions as drawn from the facts. *Id.*

To establish a premises-liability claim, a plaintiff who is an invitee must prove:

1. The owner or occupier had actual or constructive knowledge of the condition on the premises;

2. The condition posed an unreasonable risk of harm;

3. The owner or occupier failed to exercise reasonable care to reduce or eliminate the risk; and

4. Such failure was the proximate cause of the plaintiff's injuries.

*Dalton v. Pace Realty Corp.*, No. 05-05-01490-CV, 2006 WL 2062936, at *2 (Tex. App.—Dallas July 26, 2006, no pet.) (mem. op.) (citing *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000)).

In her first issue, Huy challenges the trial judge's conclusion of law that Huy "failed to prove that a dangerous condition existed in the parking lot by her door on October 6, 2010. Photographs that were taken a month earl[ier] about 6 to 61/2 [sic] feet from the door of Plaintiff, failed to show a dangerous condition."

Whether a particular condition poses an unreasonable risk of harm is generally fact specific, and there is no definitive test for determining whether a specific condition presents an unreasonable risk of harm. *Shoemaker v. Kohl's Dep't Stores, Inc.*, No. 05-16-00273-CV, 2017 WL 1192797, at *2 (Tex. App.—Dallas Mar. 31, 2017, no pet.) (mem. op.). Evidence of a similar injury or complaint caused by the condition is probative on the question of whether the condition posed an unreasonable risk of harm. *Id.* Further, the fact that an accident happens is no evidence that there was an unreasonable risk of such an occurrence because almost any activity involves

–3–

some risk of harm. *Id.* (citing *Thoreson v. Thompson*, 431 S.W.3d 341, 344 (Tex. 1968)). The duty a premises owner owes to its invitees is not that of an insurer. *Brinson Ford, Inc. v. Alger*, 228 S.W.3d 161, 162 (Tex. 2007). That is to say, a condition is not unreasonably dangerous simply because it is not foolproof. *Id.* at 163.

At trial, Huy offered photographs showing cracks in pavement that she and Michael testified were located outside their apartment door. Three of the photographs showed one of the cracks was approximately one inch deep, six inches long, and two inches wide.[1] Huy and her husband Michael testified that the photographs were representative of how the area looked on the evening she fell. Huy testified that when she fell, there were "no lights in my apartments" and it was already dark outdoors. On cross-examination, Huy admitted that Michael, who had had a knee operation and walked with a cane, had never fallen on the cracks outside their apartment. She also admitted that she did not know of anyone else who had fallen on those cracks. Huy stated that she never told Trejo that she fell because of a crack in the pavement. She explained this omission by stating that she had made complaints to Trejo before, but "they fell on deaf ears," so she felt any further complaint would be a waste of her time.

Trejo testified that as the property manager, he repaired cracks and broken pavement and ensured the property was well lit for the safety of his tenants. But he further specified that he only repaired large cracks and that the cracks shown in Huy's photographs were "normal cracks" not large enough for him to repair. He admitted that broken pavement was a potential danger to tenants and that broken pavement in a dark area would be a dangerous condition. Trejo also stated that each apartment has a light fixture, there were lights for the parking lot, and that no one complained to him about the lights surrounding the parking lot. According to Trejo, Huy never complained to Trejo about the cracks, and when he saw her with bandages on her right foot and inquired as to

---

[1] The three photographs of one of the cracks showed quarter coins placed in the crack to estimate the depth, length, and width of the crack. According to the United States Mint, a quarter dollar coin measures 0.955 inches in diameter. *See* UNITED STATES MINT, https://www.usmint.gov/learn/coin-and-medal-programs/coin-specifications (last visited Aug. 16, 2018).

what had happened, she told him that she had hurt her foot falling on the back of a U-Haul truck. Trejo testified that none of his other tenants—at least 16 at any given time—have ever complained about the condition on the property. He stated the City of Dallas inspects his property and that he had not received any citations.

We conclude the trial court correctly determined that the cracks at issue in this case did not pose an unreasonable risk of harm. Huy fell on an area of cracked pavement that she had known was cracked for at least one month before she ventured out in what she testified was a dark and unlit area, although Trejo offered competing testimony that the area was adequately lighted and he had received no complaints regarding a lack of lighting. There was no evidence that anyone else had fallen in that area, and Trejo testified the cracks in the pavement were not of a size that he would repair, but were instead "normal" cracks. *See Alger*, 228 S.W.3d at 163–64 (holding that ramp did not pose unreasonable risk of harm as matter of law because it not only met applicable safety standards but contained additional safety features, and there were no reports of injuries or complaints for previous ten years).

We overrule Huy's first issue. In light of this conclusion, we need not address Huy's second or third issues. *See* TEX. R. APP. P. 47.4.[2]

## CONCLUSION

We affirm the trial court's judgment.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

171356F.P05

---

[2] In Huy's second issue, she challenges the conclusion that she failed to establish that the dangerous condition was the proximate cause of her fall and injuries. In her third issue, she challenges the conclusion that she failed to establish that Trejo knew about the dangerous condition and failed to reduce or eliminate the risk. *See Dalton*, 2006 WL 2062936, at *2 (requiring invitee prove condition posed unreasonable risk of harm in order to establish premises-liability claim).

–5–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SAMANTHA HUY, Appellant

No. 05-17-01356-CV        V.

ROBERT TREJO, Appellee

On Appeal from the 101st Judicial District Court, Dallas County, Texas

Trial Court Cause No. DC-12-05068-E.

Opinion delivered by Justice Schenck, Justices Lang and Fillmore participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee ROBERT TREJO recover his costs of this appeal from appellant SAMANTHA HUY.

Judgment entered this 5th day of September, 2018.