Genevia BUSHNELL and Deward
Raymond (D.R.) Bushnell,
Petitioners,

v.

Janet MOTT, Respondent.

No. 06–1044.

Supreme Court of Texas.

March 28, 2008.

Rehearing Denied May 16, 2008.

James M. Richardson, Bankston & Richardson, L.L.P., J. Bruce Bennett, Cardwell, Hart & Bennett, L.L.P., Austin, and Will S. Moursund, Moursund Law Office, Round Mountain, TX, for Petitioners.

Don E. Weiss, Stevens & Weiss, P.C., San Antonio, TX, for Respondent.

Cristol Schoessow, Bryla & Schoessow, Fredericksburg, TX, for Interested Party.

Marilyn Stiles Hampton Shoemaker, Austin, TX, pro se for Amicus Curiae.

PER CURIAM.

In this case, we consider whether the owner of a dog not known to be vicious owes a duty to attempt to stop the dog from attacking a person after the attack has begun. Because we hold that such a duty exists, we reverse the court of appeals' decision.

Genevia Bushnell was in the business of selling health and wellness products. Bushnell alleges that she went to Janet Mott's mobile home to deliver some products that Mott had purchased. Bushnell knocked on Mott's door and Mott's dogs began barking. When Mott opened the door, her three dogs pushed open the door and rushed out. The dogs attacked Bushnell, biting her multiple times on her legs, arms, back, and shoulder. Bushnell claims Mott made no attempt to stop the attack, and that Mott did not assist Bushnell after the attack.

Bushnell filed suit, alleging negligence, premises liability, and strict liability claims. Mott moved for summary judgment and Bushnell filed a response. A few days before the summary judgment hearing, Bushnell filed a supplemental response and affidavit, but Mott contested the filing as untimely. The trial court refused to consider Bushnell's late filing and granted Mott's motion for summary judgment.

The court of appeals assumed, without deciding, that the trial court erred when it refused to consider Bushnell's supplemental response and affidavit. 2006 WL 2623918 (Tex.App.-San Antonio 2006). It then determined that Bushnell had abandoned her premises liability and strict liability claims and examined the supplemental evidence only in the context of the negligence claim. *Id.* The court of appeals held that when a dog attack takes place on an owner's property (where the owner has a right to keep the dog), a plaintiff must show that the owner had knowledge of the dog's dangerous propensities in order to be liable for negligent handling. *Id.* (citing *Petry v. Gasca*, No. A14–93–00433–CV, 1994 WL 132772, at *1 (Tex.App.-Houston [14th Dist.] Apr. 14, 1994, no writ) (not designated for publication)). The only evidence offered to demonstrate knowledge of Mott's dogs' dangerous propensity was Bushnell's claim that Mott had "frantically attempted to position herself in front of the screen door to prevent the dogs from attacking." *Id.* 2006 WL 2623918, at *5.

Because there were reasons other than the viciousness of the dogs for Mott to position herself in front of the door (e.g., to keep the dogs from running into the street and getting injured or to prevent them from playfully jumping on a visitor), the court of appeals determined that Bushnell's evidence amounted to no more than a scintilla, giving it no legal effect, and affirmed the trial court's summary judgment. *Id.*

An owner of a vicious animal can be strictly liable for harm, while an owner of a non-vicious animal can be "subject to liability for his negligent handling of such an animal." *Marshall v. Ranne*, 511 S.W.2d 255, 259 (Tex.1974). The court of appeals found no evidence of negligence here because the attack occurred where the dogs had a right to be. 2006 WL 2623918, at *4. But in each of the cases it cited for support, the negligence theory alleged was that the animals should have been restrained before the attack.[1] Here, Bushnell alleged that Mott was negligent not only in failing to keep her dogs restrained, but in failing to do anything to stop the attack after it had started. As a comment to the Restatement recognizes, the owner of a non-vicious dog is generally not liable for the former, but can be liable for the latter:

[A]lthough the possessor or harborer of a dog or cat is privileged to allow it to run at large and therefore is not required to exercise care to keep it under constant control, he is liable if he sees

1. *See Jones v. Gill*, No. 2–03–298–CV, 2005 WL 503182, at *4 (Tex.App.-Fort Worth Mar.3, 2005, no pet.) (mem.op.) (finding no negligence in keeping a dog behind a counter during business hours); *Rodriguez v. Haddock*, 2003 WL 1784923, at *2 (Tex.App.-Fort Worth Apr.3, 2003, no pet.) (mem.op.) (finding no negligence in allowing a dog into a house near strangers); *Petry v. Gasca*, No. A14–93–00433–CV, 1994 WL 132772, at *1 (Tex.App.-Houston [14th Dist.] 1994, no writ)

(not designated for publication) (finding no negligence in failing to keep a dog in a home on a leash); *Searcy v. Brown*, 607 S.W.2d 937, 941 (Tex.Civ.App.-Houston [1st Dist.] 1980, no writ) (finding no negligence in allowing dogs to run at large on the owner's property); *Lewis v. Great Sw. Corp.*, 473 S.W.2d 228, 230 (Tex.Civ.App.-Fort Worth 1971, writ ref'd n.r.e.) (finding no negligence in having a goat in a petting zoo).

his dog or cat about to attack a human being ... and does not exercise reasonable care to prevent it from doing so.

*See* RESTATEMENT (SECOND) OF TORTS § 518 cmt. *j* (1977).

█ If we consider only Bushnell's original affidavit, Bushnell testified that while she was being bitten, she "never once heard [Mott] scold the dogs." Even if Mott did not know her dogs had dangerous propensities, Bushnell's original affidavit indicating that Mott did nothing to prevent her dogs from continuing to attack Mott raises a material fact issue concerning whether Mott failed to exercise ordinary care over her dogs once the attack began. Accordingly, we reverse the judgment of the court of appeals and remand the case to the trial court for further proceedings.