# NO. 12-12-00186-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JIMMY D. BRUNSON AND CARLA A. BRUNSON, APPELLANTS* | § | *APPEAL FROM THE 173RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *CHRISTIAN YOUTH FOUNDATION d/b/a DISCIPLES CROSSING CAMP AND CONFERENCE CENTER, APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Jimmy D. Brunson and Carla A. Brunson appeal the trial court's summary judgment dismissing their personal injury claims against Christian Youth Foundation d/b/a Disciples Crossing Camp and Conference Center (Disciples Crossing). In nine issues, the Brunsons argue that the trial court erred in granting Disciples Crossing's motion for summary judgment. We affirm.

### BACKGROUND

The Brunsons are members of Tres Dias, a religious organization that held annual conferences at Disciples Crossing's campground. During one of the conferences, Jimmy was walking to the chapel at night when he tripped over a black dog that was lying in the grass. Jimmy fell and sustained injuries.

The Brunsons blamed Disciples Crossing for Jimmy's injuries. Tres Dias signed an agreement with Disciples Crossing in which Tres Dias agreed not to bring pets to the campground. The Brunsons contended that this provision likewise prohibited Disciples Crossing's employees from having pets on the campground. However, Matt Chandler, the camp director for Disciples Crossing, owned the black dog and allowed it to roam the campground.

Additionally, Chandler and another Disciples Crossing employee had disengaged some lights in the area to enhance a candlelight ceremony that Tres Dias was to conduct later that evening. Believing that these acts constituted negligence on the part of Disciples Crossing, the Brunsons brought suit.

Disciples Crossing filed a motion for summary judgment in which it claimed entitlement to judgment as a matter of law because it did not owe the Brunsons a duty to prevent the camp director from having a pet, the pet did not pose an unreasonable risk of harm, Disciples Crossing did not have actual or constructive notice that the dog was lying in the area where the accident occurred, and Disciples Crossing did not breach its duty to supervise the dog. In their response, the Brunsons argued that a genuine issue of material fact existed as to Disciples Crossing's negligence because its employees disengaged several lights and then allowed a black dog to roam the campground at night. These two actions, they asserted, created an unreasonable risk of harm. The trial court granted Disciples Crossing's motion for summary judgment and dismissed the Brunsons' claims against Disciples Crossing. This appeal followed.

## MOTION FOR SUMMARY JUDGMENT

The Brunsons complain that the trial court erred in granting summary judgment in Disciples Crossing's favor because Disciples Crossing failed to meet its burden to conclusively establish its right to summary judgment and the Brunsons presented genuine issues of material fact regarding Disciples Crossing's negligence.

## Standard of Review

The movant for traditional summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). When the movant seeks summary judgment on a claim on which the nonmovant bears the burden of proof, the movant must either negate at least one essential element of the nonmovant's cause of action or prove all essential elements of an affirmative defense. *See Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995). Once the movant has established a right to summary judgment, the burden of proof shifts to the nonmovant to respond to the motion and present to the trial court any issues that would preclude summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678-79 (Tex. 1979).

2

Additionally, after an adequate time for discovery has passed, a party without the burden of proof at trial may move for summary judgment on the ground that the nonmoving party lacks supporting evidence for one or more essential elements of its claim. *See* Tex. R. Civ. P. 166a(i). Once a no evidence motion has been filed in accordance with Rule 166a(i), the burden shifts to the nonmovant to bring forth evidence that raises a fact issue on the challenged evidence. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

We review a no evidence motion for summary judgment under the same legal sufficiency standards as a directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003). A no evidence motion is properly granted if the nonmovant fails to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact as to an essential element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. *Id.* at 751. If the evidence supporting a finding rises to a level that would enable reasonable, fair minded persons to differ in their conclusions, more than a scintilla of evidence exists. *Id.* Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact, and the legal effect is that there is no evidence. *Id.* In both traditional and no evidence summary judgment motions, we review the entire record de novo and in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *See Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006) (per curiam); *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999).

## Duty Based on Contract

In a portion of the Brunsons' first issue, they allege that, based on its contract with Tres Dias, Disciples Crossing had a duty to keep the camp "free of pets." The Brunsons argue that Disciples Crossing violated this duty when Chandler failed to restrict his dog from roaming the campgrounds.

### *Applicable Law*

To establish negligence, a plaintiff must show that (1) the defendant owed the plaintiff a legal duty, (2) the defendant breached that duty, and (3) the defendant's breach proximately caused the plaintiff's injuries. *See Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990). Whether a duty exists is a question of law. *Allen Keller Co. v. Foreman*, 343 S.W.3d 420, 425 (Tex. 2011). To determine whether a duty exists, we weigh the risk,

foreseeability, likelihood of injury, and the consequences of placing the burden on the defendant. *Id*. Under some circumstances, a breach of a duty arising from a contract constitutes negligence. *See Wal-Mart Stores, Inc. v. Coward*, 829 S.W.2d 340, 344 (Tex. App.—Beaumont 1992, writ denied).

If a contract is unambiguous, we construe the terms of the contract as a matter of law. *Dynegy Midstream Servs., Ltd. P'ship v. Apache Corp.*, 294 S.W.3d 164, 168 (Tex. 2009). Our primary concern is to ascertain the parties' true intent as expressed in the contract. *Epps v. Fowler*, 351 S.W.3d 862, 865 (Tex. 2011). We consider the entire contract in an effort to give each part meaning. *Id* at 865-66.

### *Application*

Here, the parties signed a two-page reservation contract. The first page of the agreement listed the reservation dates, arrival and departure time, number of guests, number of meals, portion of the campground to be used, and the price per guest. The second page listed twenty-two policies of Disciples Crossing. Policy sixteen is that "[p]ets are not permitted at Disciples Crossing. Pet owners must make other arrangements before coming to camp."

Viewing the document as a whole, the policies clearly apply to Disciples Crossing's guests and not to its employees. For instance, policy one states, "Each group is responsible for providing adequate leadership/supervision and will be responsible for the behavior of all guests/ campers in their group." Policy three states, "Deposits are refundable if cancellation is made 90 days prior to your reservation date." Policy five states, "The minimum number to be charged for meals is 20." Thus, even assuming that this is an instance in which a breach of a duty arising from a contract could constitute negligence, the contractual language did not create a duty for Disciples Crossing to keep the camp free of employees' pets. The trial court did not err in granting summary judgment for Disciples Crossing on the Brunsons' contractual negligence claim. *See Nixon*, 690 S.W.2d at 548. We overrule that portion of the Brunsons' first issue in which they allege that Disciples Crossing had a duty, based on its contract with Tres Dias, to prohibit employees' pets from the campground.

## Premises Liability

In the Brunsons' second and third issues, they allege that the summary judgment evidence does not conclusively establish an unreasonable risk of harm, and a fact issue exists as to whether a condition of the campground posed an unreasonable risk of harm. In their fourth

and fifth issues, they allege that the summary judgment evidence does not exclusively establish that Disciples Crossing had actual knowledge of the dangerous condition, and a fact issue exists as to whether Disciples Crossing had actual knowledge of the dangerous condition. In their sixth and seventh issues, the Brunsons argue that the summary judgment evidence does not conclusively establish that the condition existed long enough to give Disciples Crossing a reasonable opportunity to discover it, and a fact issue exists as to whether Disciples Crossing had a reasonable opportunity to discover the condition.

*Applicable Law*

An owner/operator of land may be liable for negligence arising from an activity on the premises or from a premises defect. ***Clayton W. Williams, Jr., Inc. v. Olivo***, 952 S.W.2d 523, 527 (Tex. 1997). For negligence to arise from an activity, the plaintiff must be injured by or as a contemporaneous result of the activity. ***Keetch v. Kroger Co.***, 845 S.W.2d 262, 264 (Tex. 1992). Because Jimmy's injury was not caused by or as a contemporaneous result of an activity of Disciples Crossing, the Brunsons' claim of negligence arises from an alleged premises defect.

It is undisputed that Jimmy was an invitee of Disciples Crossing. *See **Rosas v. Buddies Food Store***, 518 S.W.2d 534, 536 (Tex. 1975) (invitee is person who enters premises with possessor's express or implied knowledge and for parties' mutual benefit). As such, Disciples Crossing owed Jimmy a duty to exercise reasonable care to protect him from dangerous conditions on the premises known or discoverable to it. *See **Wal-Mart Stores, Inc. v. Gonzalez***, 968 S.W.2d 934, 936 (Tex. 1998). The duty a premises owner/operator owes to its invitees is not that of an insurer. ***Brinson Ford, Inc. v. Alger***, 228 S.W.3d 161, 162 (Tex. 2007). In other words, the condition is not unreasonably dangerous simply because it is not foolproof. *See **id.*** at 163.

To recover damages in a premises liability case, a plaintiff must prove the following: (1) the owner/operator had actual or constructive knowledge of some condition on the premises; (2) the condition posed an unreasonable risk of harm; (3) the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and (4) the owner/operator's failure to use reasonable care proximately caused the plaintiff's injuries. *See **Gonzalez***, 968 S.W.2d at 936. An invitee's suit against an owner/operator is a simple negligence action. ***Corbin v. Safeway Stores, Inc.***, 648 S.W.2d 292, 295 (Tex. 1983). An owner/operator's duty is to exercise reasonable care to protect against danger from a condition on the premises that creates an

5

unreasonable risk of harm of which the owner/operator knew or by the exercise of reasonable care could discover. *See CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 101 (Tex. 2000). The crux of this duty depends on actual or constructive knowledge of a dangerous condition that a reasonable inspection would reveal. *See id.*

In premises liability cases, there is no single test for determining actual knowledge that a condition presents an unreasonable risk of harm. *See Univ. of Tex.-Pan Am. v. Aguilar*, 251 S.W.3d 511, 513 (Tex. 2008). Courts generally consider whether the premises owner/operator has received reports of prior injuries or reports of the potential danger presented by the condition. *See id.* Alternatively, constructive knowledge can be established by a showing that the condition had existed long enough for the owner or operator to have discovered it upon reasonable inspection. *See Daenen*, 15 S.W.3d at 102-03.

*Application*

Because it is dispositive of their premises liability claim, we first determine whether a fact issue exists as to Disciples Crossing's actual or constructive knowledge of the dangerous condition. In their brief, the Brunsons argue that "it would be unreasonable to require [the Brunsons] to produce evidence that [Disciples Crossing] had actual knowledge of the [d]og's specific location at the time of the accident." But either actual knowledge or constructive knowledge is exactly what is required in a premises liability claim. It is not the role of this court to change the elements of a cause of action.

No employee of Disciples Crossing was present when Jimmy tripped over the dog. Before the accident, Disciples Crossing's employees had disengaged some lights because, in past years, Tres Dias had asked for the lights to be extinguished for a candlelight ceremony that was enhanced by low lighting. Thus, Disciples Crossing was aware that the area in which Jimmy tripped was not as well lit as it generally was.

The lack of lighting alone did not create a condition that posed an unreasonable risk of harm. Instead, the Brunsons claim that the combination of low lighting and the presence of the dog in the area where Jimmy was walking posed an unreasonable risk of harm. The Brunsons produced no evidence that Disciples Crossing knew the dog was lying in this area. Jimmy said he did not notice the dog until after he had tripped over it. Nothing in the record indicates that anyone else noticed the dog before the accident. Also, there is no indication of how long the dog had lain in the grass before the accident. Because the Brunsons produced no evidence raising a

6

fact issue on whether Disciples Crossing had actual or constructive knowledge of a condition that posed an unreasonable risk of harm, the trial court properly granted Disciples Crossing's motion for summary judgment as to the Brunsons claim of premises liability. *See* **Chapman**, 118 S.W.3d at 751; **Daenen**, 15 S.W.3d at 101. We overrule the Brunsons' fourth, fifth, sixth, and seventh issues. We need not address their second and third issues. *See* TEX. R. APP. P. 47.1.

## Negligent Supervision of an Animal

In the remainder of the Brunsons' first issue, they argue that Disciples Crossing failed to conclusively establish that it did not have a common law duty to exercise reasonable care to control the dog. Further, in their eighth and ninth issues, the Brunsons argue that Disciples Crossing did not establish that it did not breach that duty, and a fact issue exists as to whether Disciples Crossing breached its duty to exercise reasonable care to prevent Chandler's dog from injuring Jimmy.

For negligent supervision of an animal, the plaintiff must prove (1) the defendant owned or possessed an animal, (2) the defendant owed a duty to exercise reasonable care to prevent the animal from injuring others, (3) the defendant breached that duty, and (4) the breach proximately caused the plaintiff's injuries. **Muela v. Gomez**, 343 S.W.3d 491, 496 (Tex. App.—El Paso 2011, no pet.). An owner of a vicious animal can be strictly liable for injuries caused by the animal, and an owner of a nonvicious animal can be liable if he negligently handled the animal. **Bushnell v. Mott**, 254 S.W.3d 451, 452 (Tex. 2008) (per curiam). If the injury occurs in a place where the dog had a right to be, the negligence theory cannot be based on a failure of the defendant to restrain the dog before the attack, but can be based on failing to do anything to stop the attack after it had started. *Id*.

In their response to Disciples Crossing's motion for summary judgment, the Brunsons argued that "[Disciples Crossing] failed to manage, control, fence, leash and warn [the Brunsons] of their solid black dog." As an initial matter, we note that Jimmy's injury was not caused by an attack of the dog but instead by Jimmy tripping over the dog. The Brunsons presented no evidence that the black dog was vicious in any way. The record contains no indication that the dog had ever bitten anyone at the campground, or had ever tripped anyone. The Brunsons have not shown any authority, and our research has found none, for assessing liability for negligent supervision of an animal based on a plaintiff tripping over the animal. We decline to extend negligent supervision of an animal to such injuries.

7

Even if we assume that such liability is possible, Disciples Crossing is still entitled to judgment as a matter of law. The Brunsons do not allege that the dog was vicious. Instead, they allege that the dog was unreasonably dangerous because it was black and Jimmy could not see it while he was walking at night. But we have determined that the dog had a right to be on the campground. The Brunsons' allegation then is that Disciples Crossing failed to restrain a nonvicious dog from a place that it had a right to be. Under such a situation, Disciples Crossing is not liable. *See* ***Labaj v. Vanhouten***, 322 S.W.3d 416, 423 (Tex. App.—Amarillo 2010, pet. denied). The trial court properly granted summary judgment in favor of Disciples Crossing. *See* ***Chapman***, 118 S.W.3d at 751; ***Nixon***, 690 S.W.2d at 548. We overrule the Brunsons' eighth and ninth issues and that portion of their first issue in which they argue that a fact issue exists as to whether Disciple Crossing breached its duty to exercise reasonable care to prevent Chandler's dog from injuring Jimmy.

## DISPOSITION

We ***affirm*** the judgment of the trial court.

**BRIAN HOYLE**
Justice

Opinion delivered April 17, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

8



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 17, 2013**

**NO. 12-12-00186-CV**

**JIMMY D. BRUNSON AND CARLA A. BRUNSON,**
Appellants
V.
**CHRISTIAN YOUTH FOUNDATION d/b/a**
**DISCIPLES CROSSING CAMP AND CONFERENCE CENTER,**
Appellees

Appeal from the 173rd Judicial District Court
of Henderson County, Texas. (Tr.Ct.No. 2011A-0024)

THIS CAUSE came to be heard on the oral arguments, appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellants, **JIMMY D. BRUNSON AND CARLA A. BRUNSON**, for which execution may issue, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

9