# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-11-00523-CV

**David Rodriguez, Appellant**

v.

**Terry R. Reed, Appellee**

**FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY,
NO. C-1-CV-10-002482, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

David Rodriguez appeals the trial court's summary judgment in favor of Terry R. Reed in this case arising out of a dog bite. Rodriguez sued Reed asserting causes of action for strict liability and negligent handling of a domestic animal. Reed filed a motion seeking both a no-evidence and traditional summary judgment. Because we conclude that the trial court properly granted Reed's no-evidence summary judgment motion, we affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2010, Reed received a call at work informing him that the burglar alarm at his residence was going off.[1] He left work, arrived at his home, went inside, turned off the alarm, and

---

[1] The facts recited herein are taken from the undisputed summary judgment evidence. We accept as true facts stated in the briefs that are not contradicted by another party. Tex. R. App. P. 38.1(g).

confirmed that no one had broken into the house. In the meantime, Rodriguez, an officer with the Austin Police Department (APD), and Officer Roland Espinoza, Jr., had been dispatched to Reed's home to respond to the alarm call, which indicated front glass breakage and included a message that there were several dogs contained within the home. Officer Espinoza was the first of the officers to arrive at Reed's residence. When the officers arrived, Reed's vehicle was parked in the driveway. Espinoza conducted a registration check and learned that the car belonged to Reed and Reed lived at that address. After determining that there was no broken glass at the front, the officers proceeded to the left side of the house where they encountered a fence with a locked gate. They could hear dogs barking that they believed to be inside the home but did not see any dogs in the fenced back yard. Espinoza went to the right side of the house to view the back yard from a vacant lot next door. Rodriguez then jumped over the locked gate, entered the back yard, and drew his weapon. At approximately that point, Reed opened the back door and let two dogs out. When Rodriguez rounded the corner to the back side of the house, he saw an open door. Two dogs came into the back yard, and one named Shaq bit Rodriguez on the forearm. Rodriguez shot Shaq, fatally wounding him, then freed himself and jumped over the fence. Rodriguez subsequently received medical treatment for his injuries.

Rodriguez filed suit against Reed asserting causes of action for strict liability based on Shaq's alleged known abnormally dangerous propensities and negligent handling of a domestic animal based on Reed's alleged failure to prevent Shaq from attacking Rodriguez.[2] Reed filed a combined no-evidence and traditional motion for summary judgment and attached as evidence his

---

[2] Rodriguez also sued Reed's wife but subsequently nonsuited his claims against her.

own affidavit, excerpts from the oral depositions of Rodriguez and Espinoza, and deposition exhibits consisting of APD incident records. Rodriguez filed a response to the motion and attached as evidence his own affidavit, "Voluntary Statements" from two of Reed's neighbors, and copies of APD records concerning prior alarm calls to Reed's residence. Reed filed written objections to Rodriguez's summary judgment evidence on several grounds, including that the affidavit and statements contained "conclusory speculation" and were not based on personal knowledge and that the APD records were not properly authenticated and were hearsay. The trial court sustained Reed's objections, excluded all of Rodriguez's summary judgment evidence, and granted Reed's summary judgment motion. Rodriguez filed a motion for new trial, which the trial court denied. This appeal followed.

## STANDARD OF REVIEW

We review a trial court's summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). When the trial court does not specify the grounds for granting the motion, we must uphold the judgment if any of the grounds asserted in the motion and preserved for appellate review are meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003). A party seeking summary judgment may combine in a single motion a request for summary judgment under the no-evidence standard with a request under the traditional summary judgment standard. *Binur v. Jacobo*, 135 S.W.3d 646, 650 (Tex. 2004). When a party files both a traditional and no-evidence motion and the order does not specify which motion was granted, the appellate court first reviews the propriety of the summary judgment under the no-evidence standard. *See* Tex. R. Civ. P. 166a(i); *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). If the

3

court of appeals determines the no-evidence summary judgment was properly granted, it does not reach arguments under the traditional motion for summary judgment. *See* Tex. R. Civ. P. 166a(c); *Ridgway*, 135 S.W.3d at 600.

A no-evidence summary judgment motion asserts that there is no evidence to support an essential element of the nonmovant's claim on which the nonmovant would have the burden at trial. *See* Tex. R. Civ. P. 166a(i); *Hahn v. Love*, 321 S.W.3d 517, 523–24 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). Once the motion is filed, the burden shifts to the nonmovant to present evidence raising a genuine issue of material fact as to each of the elements challenged in the motion. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). A no-evidence motion should be granted "'when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact.'" *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (quoting *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997) (citing Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Tex. L. Rev. 361, 362–63 (1960))). With this standard in mind, we turn to Rodriguez's issues.[3]

---

[3] Reed contends that Rodriguez has waived his appellate issues because he fails to support his argument with citations to the record. However, although Rodriguez cites to evidence that the trial court excluded, as we discuss below, he does provide citations to the record and to authorities that we conclude are sufficient to comply with Rule 38.1. *See* Tex. R. App. P. 38.1(i).

4

## NO-EVIDENCE SUMMARY JUDGMENT MOTION

In his second issue Rodriguez argues that the trial court improperly granted Reed's no-evidence motion for summary judgment. One of Rodriguez's claims against Reed was that because Shaq was dangerous and Reed was aware of his dangerous propensities, Reed was strictly liable for the injuries Rodriguez suffered. An owner of a vicious animal may be strictly liable for harm it causes. *Bushnell v. Mott*, 254 S.W.3d 451, 452 (Tex. 2008) (per curiam). Under the strict liability theory, a plaintiff must show that the animal had abnormally dangerous propensities and the owner knew or had reason to know of the dangerous propensities. *See Loftin v. Lee*, 341 S.W.3d 352, 358 (Tex. 2011); *Marshall v. Ranne*, 511 S.W.2d 255, 258–59 (Tex. 1974). Among the grounds for Reed's no-evidence summary judgment motion was that there was no evidence that Shaq had abnormally dangerous propensities. Rodriguez offered summary judgment evidence in an effort to meet his burden to raise a fact issue on this challenged element. *See Mack Trucks*, 206 S.W.3d at 582. However, upon Reed's objections, the trial court excluded Rodriguez's evidence, and Rodriguez does not challenge the trial court's evidentiary ruling on appeal. *See Fort Bend Cnty. Drainage Dist. v. Sbrusch*, 818 S.W.2d 392, 395 (Tex. 1991) ("Grounds of error not asserted by points of error or argument in the court of appeals are waived."). Consequently, we cannot consider the only evidence Rodriguez offered to prove that element, and the result is that there is no summary judgment evidence that Shaq had dangerous propensities. *See King Ranch*, 118 S.W.3d at 751.

Similarly, Rodriguez failed to meet his burden regarding his claim of negligent handling of an animal. The owner of a non-vicious animal can be liable for negligently handling the

animal. *Bushnell*, 254 S.W.3d at 452. "To recover on a claim of negligent handling of an animal, a plaintiff must prove: (1) the defendant was the owner or possessor of an animal; (2) the defendant owed a duty to exercise reasonable care to prevent the animal from injuring others; (3) the defendant breached that duty; and (4) the defendant's breach proximately caused the plaintiff's injury." *Thompson v. Curtis*, 127 S.W.3d 446, 451 (Tex. App.—Dallas 2004, no pet.). As in any negligence case, the threshold inquiry in a negligent handling case is whether there is a duty. *Muela v. Gomez*, 343 S.W.3d 491, 497 (Tex. App.— El Paso 2011, no pet.). "Whether a duty exists depends on some degree of proof that the risk of injury from a dog bite is foreseeable, or stated differently, whether the owner had actual or constructive knowledge of the danger presented by the dog. Foreseeability is satisfied by showing a person of ordinary intelligence should have anticipated the danger to others by the actor's negligent behavior." *Id.* (citations omitted). "A party should not be held responsible for the consequences of an act that cannot be reasonably foreseen, and there is no duty to warn of danger when no danger is anticipated." *Labaj v. Vanhouten*, 322 S.W.3d 416, 421 (Tex. App.—Amarillo 2010, pet. denied).

In his motion for summary judgment, Reed argued that there was no evidence of any duty on his part to refrain from allowing Shaq to go into the fenced backyard of his home where the dog had a right to be, particularly when Reed had no knowledge that Rodriguez was anywhere on his property. In an effort to raise a fact issue on this challenged element of his negligent handling claim Rodriguez offered summary judgment evidence. *See Mack Trucks*, 206 S.W.3d at 582. As with his evidence concerning strict liability, however, the trial court excluded Rodriguez's evidence, and Rodriguez does not challenge the trial court's evidentiary ruling on appeal. *See Sbrusch*,

6

818 S.W.2d at 395. Therefore, we cannot consider the only evidence offered to prove the element of duty, and consequently there was no summary judgment evidence on that issue. *See King Ranch*, 118 S.W.3d at 751; *Muela*, 343 S.W.3d at 497; *Labaj*, 322 S.W.3d at 421. We overrule Rodriguez's second issue. Because we conclude that the trial court properly granted Reed's no-evidence motion for summary judgment, we do not reach Rodriguez's first issue, which challenges the trial court's ruling on Reed's traditional motion for summary judgment.[4]

## CONCLUSION

Having concluded that the trial court properly granted Reed's no-evidence motion for summary judgment, we affirm the trial court's judgment.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed

Filed: June 19, 2013

---

[4] Reed contends that, in addition to his two stated issues, Rodriguez attempts to assert for the first time on appeal a claim for premises liability to defeat Reed's motion for summary judgment. Rodriguez argues in his brief that Reed, as the premises owner, owed Rodriguez a legal duty as an invitee and breached that duty. However, the record shows that Rodriguez did not raise this issue in the trial court. To the extent that Rodriguez now purports to assert such an argument as a claim or defense, we conclude that he has waived it and we may not consider it as a ground for reversing the summary judgment. *See* Tex. R. Civ. P. 166a(c)("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal."); *D.R. Horton-Texas, Ltd. v. Markel Int'l Ins. Co.*, 300 S.W.3d 740, 743 (Tex. 2009); *see also* Tex. R. App. 33.1 (record must show claim was raised in trial court for it to be presented on appeal).