**Opinion issued July 9, 2013**



In The

# Court of Appeals

For The

## First District of Texas

———————————

### NO. 01-12-00702-CV

———————————

**ELLEN SEDITA, Appellant**

**V.**

**ROYAL SWEEPING AND PAVING, LLC, Appellee**

---

On Appeal from the 157th District Court
Harris County, Texas
Trial Court Case No. 1048586

---

## MEMORANDUM OPINION

Appellant, Ellen Sedita, challenges the trial court's rendition of summary judgment in favor of appellee, Royal Sweeping and Paving, L.L.C. ("Royal Sweeping"), in her suit against Royal Sweeping and others for negligence, negligent activity, and premises liability. In two issues, Sedita contends that the

trial court erred in granting Royal Sweeping summary judgment on her negligence and premises-liability claims.

## Background

In her second amended petition, Sedita alleged that she was injured on the morning of March 8, 2010 in the parking garage of One Riverway Plaza. Sedita had parked her car in the garage at 7:15 a.m., and when she walked back to her car to retrieve an item, she "slipped on loose gravel and debris and fell onto the ground." Sedita described the debris as "pea-gravelly-type stuff, little debris . . . little twigs," which she did not see until she got up after falling.

The property management company for One Riverway Plaza, Unilev Management Corporation ("Unilev"), hired Merit Parking Company, Ltd. ("Merit") to manage and maintain the parking garage area. Merit in turn hired Royal Sweeping to sweep and vacuum the garage twice a month. Royal Sweeping had been in the parking garage between 1:00 and 4:00 p.m. on March 7, 2010, the day before Sedita fell, to sweep and vacuum the garage. Kevin Kupfer, Royal Sweeping's CEO explained that a two-man crew would sweep and vacuum the garage. After a helper with a backpack blower blew trash and debris into the driving lane of the garage, a truck driver would stop mid-way down the garage and use the truck to vacuum upon the blown debris. Although it was noted in the

March 7, 2010 work order that it had been "windy," there was no notation of excessive debris as would sometimes be stated on work orders.

Sedita sued Unilev, Unilev Capital Corporation, Merit, and Royal Sweeping for negligence, negligent activity, and premises liability. In her petition, Sedita alleged that she was a business invitee at One Riverway Plaza; she had entered the garage with the "Defendants' consent"; the "loose gravel and debris on Defendants' premises posed an unreasonable risk of harm"; and "Defendants knew or should have known about the dangerous condition," "owed [her] a duty to exercise reasonable care in maintaining the condition of the premises," "breached the duty of ordinary care to protect [her] from damage by both failing to adequately warn [her] of the condition and failing to make the condition reasonably safe," "had a duty to properly maintain the garage in question," and "breached that duty by leaving loose gravel debris in the garage that caused [her] to fall." She further alleged that "Defendants breach of the[ir] duty proximately caused [her] injuries" and their "actions constitute[d] negligence and negligent activity."

Royal Sweeping filed a no-evidence summary-judgment motion on Sedita's claims for negligence, negligent activity,[1] and premises liability. It also asserted that, as a matter of law, it was entitled to summary judgment on her premises-

---

[1] Sedita does not appeal the trial court's rendition of summary judgment in favor of Royal Sweeping on her negligent-activity claim.

liability claim. The trial court granted the combined motion in its entirety without stating the reasons for its ruling.

## Standard of Review

We review a trial court's grant of a summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). If a trial court grants a summary judgment without specifying the grounds for the grant, we must uphold the trial court's judgment if any of the grounds are meritorious. *Beverick v. Koch Power, Inc.*, 186 S.W.3d 145, 148 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).

A party seeking summary judgment may combine in a single motion a request for summary judgment under the no-evidence standard with a request under the matter-of-law standard. *Binur v. Jacobo*, 135 S.W.3d 646, 650 (Tex. 2004). When a party has filed both a matter-of-law and no-evidence summary-judgment motion and the trial court's order does not specify the grounds for the grant of the motion, we first review the propriety of the summary judgment under the no-evidence standard. *See* TEX. R. CIV. P. 166a(i); *see Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). If the no-evidence standard is met, we need not reach the arguments made under the matter-of-law standard. *See Ford Motor*, 135 S.W.3d at 600.

4

To prevail on a no-evidence motion for summary judgment, the movant must establish that there is no evidence to support an essential element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. *See* TEX. R. CIV. P. 166a(i); *Hahn v. Love*, 321 S.W.3d 517, 523–24 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). The burden then shifts to the nonmovant to present evidence raising a genuine issue of material fact as to each of the elements specified in the motion. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006); *Hahn*, 321 S.W.3d at 524.

In regard to a matter-of-law summary-judgment motion, the movant has the burden to show that no genuine issue of material fact exists and the trial court should grant judgment as a matter of law. TEX. R. CIV. P. 166a(c); *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). A defendant moving for summary judgment as a matter of law must conclusively negate at least one essential element of each of the plaintiff's causes of action or conclusively establish each element of an affirmative defense. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997). The motion must state the specific grounds relied upon for summary judgment. TEX. R. CIV. P. 166a(c). When reviewing a summary-judgment motion, we take as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in

5

the nonmovant's favor. *Valence Operating*, 164 S.W.3d at 661; *Provident Life Accid. Ins.*, 128 S.W.3d at 215.

## Summary Judgment

In her first and second issues, Sedita argues that the trial court erred in granting Royal Sweeping's summary-judgment motion on her claim for negligence and premises liability because she "produced sufficient evidence to raise genuine issues of material fact about whether Royal Sweeping had sufficient control over the premises and created a hazardous condition in the parking garage."

### *Negligence*

In its no evidence summary-judgment motion, Royal Sweeping asserted that Sedita produced no evidence that it (1) owed her a duty at the time of the incident as it had no control over the premises; (2) had breached any duty or created a "dangerous condition" as there is no evidence as to where the gravel came from or how long it had been there; and (3) proximately caused Sedita to fall on gravel and suffer injuries.

In her response to Royal Sweeping's summary-judgment motion, Sedita attached her deposition testimony and that of Shelia Stulak, senior property manager for Unilev, Chris Figg, facility manager for Merit, and Kevin Kupfer, Royal Sweeping's CEO.

Citing deposition testimony, Sedita generally asserts that "Royal Sweeping admitted to having many duties when cleaning the garage," it should have cleaned the area where she fell, "it was Royal's job to clear any debris from there," Royal Sweeping admitted that leaving debris "would be a breach of duty," and "Royal had a duty to do its job in a good and workmanlike manner."

Sedita further asserts that there is more than a scintilla of evidence that Royal Sweeping left debris behind on March 7, 2010 when it swept the parking garage. She based the assertion on a statement that Figg had made to her about the debris "possibly coming from a Royal Sweeping truck"; the "period," described by Kupfer, between the time when debris is blown and when vacuumed upon by the truck; and the notation on Royal Sweeping's work order that it was "windy" on March 7, 2010. And Sedita argues that Kupfer's testimony that the company does sometime receive calls from customers to come back and clean up missed debris provides more than a scintilla of evidence that Royal Sweeping left debris behind on March 7, 2010, the day before she fell. Sedita also asserts that it is undisputed that the debris caused her to fall and be injured.[2]

---

[2] On appeal, Royal Sweeping argues that it is disputed that the debris caused Sedita to fall because she was the only person present and the only person who saw the pebble debris on the ground. Figg testified that he did not see the gravel when Sedita showed him where she fell, he wrote down only what she stated caused her to fall, and, later, when he and Sedita examined the area, she did not see debris and said that maybe she had kicked it away. Later, Sedita gave him a "rock" and said that maybe "it" was the rock that made her fall.

Royal Sweeping argues that Sedita's testimony that Figg had told her that the debris had "possibly come from a Royal Sweeping truck" is hearsay and contradicted by Figg's own testimony. In his deposition, Figg testified that he did not originally think that the debris could have been left by a Royal Sweeping truck. He explained, "I mentioned it might be a possibility when she asked if it was swept, and that – that was the extent." Figg told Sedita that "they [sweep] twice a month" and they had come the day before her fall. Figg did not see the gravel that Sedita claims caused her to fall in the area that was seven feet in front of his office door and ten feet from a vehicle entrance. In fact, he did not see any gravel or debris left behind by Royal Sweeping, and he did not call Royal Sweeping to report debris left behind after a sweeping. Figg also testified that the complained-of gravel could have been brought in on the tires of the cars driving in the garage, but he "had no idea where any of the alleged debris came from."

To establish negligence, a plaintiff must establish a duty, a breach of that duty, and damages proximately caused by the breach. *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006); *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990).

Here, Sedita has not met her burden of presenting evidence to raise a genuine issue of material fact on the challenged element of breach of duty as specified in Royal Sweeping's no-evidence summary-judgment motion. Assuming

8

that Royal Sweeping owed the duty of a reasonably prudent sweeping and vacuuming crew, Sedita has not produced evidence that Royal Sweeping breached its duty by leaving behind the debris upon which she claims to have fallen. Although she established that Royal Sweeping was on the premises fourteen to sixteen hours before she fell, Sedita presented no evidence about the debris other than her own testimony that it was "pea-gravelly-type stuff, little debris . . . little twigs" that even she did not see until after she got up from her fall. Figg testified that he did not see the debris and simply recorded on his incident report what Sedita had told him. Sedita produced no evidence that Royal Sweeping's vacuum truck drove near where the debris was found. And there is no evidence of how long the gravel might have been present in the area. Although there is some evidence of several "possibilities" of the source of the gravel, Sedita's evidence at best creates "a mere surmise or suspicion that the challenged fact exists." *See Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Research Corp.*, 299 S.W.3d 106, 115 (Tex. 2009) (quoting *Kroger Tex., P.P. v. Suberu*, 216 S.W.3d 788, 793 (Tex. 2006)). Accordingly, we hold that the trial court did not err in granting Royal Sweeping's no-evidence summary-judgment motion on Sedita's claim for negligence.

We overrule Sedita's first issue.

*Premises Liability*

In its no-evidence summary-judgment motion, Royal Sweeping asserted that Sedita presented no evidence that: (1) it was a possessor of the premises; (2) the condition posed an unreasonable risk of harm; (3) it knew or reasonably should have known of the danger; or (4) it breached its duty of ordinary care by failing to adequately warn Sedita or failing to make the condition reasonably safe. In its matter-of-law summary-judgment motion, Royal Sweeping asserted that: (1) Sedita has not shown as a matter of law that it had control of the premises where the injury occurred; (2) even if Royal Sweeping created a dangerous condition, other parties retained control over the premises during and after it performed work on the premises, making the premises owner, not Royal Sweeping, responsible to any third-party invitee for injury caused by its work as an independent contractor; and (3) Royal Sweeping had no knowledge of any debris, pebbles, or gravel on the property that would require it to warn or make safe such condition.

In her response to Royal Sweeping's summary-judgment motion, Sedita argued that there is summary-judgment evidence to meet each element of her premises-liability claim and she produced sufficient evidence to raise a genuine issue of material fact "about whether Royal Sweeping had sufficient control over the premises and created a hazardous condition in the parking garage where Sedita worked." Sedita pointed to the deposition testimony of Figg and Stulak, asserting

10

that the "[d]efendants have admitted that loss gravel and debris in a walkway of a garage poses an unreasonable risk of harm" and there is evidence that Royal Sweeping had "placed this debris in the garage."

Premises liability is a special form of negligence in which the duty owed to the plaintiff depends on the plaintiff's status on the premises at the time the incident occurs. *Scott & White Mem'l Hosp. v. Fair*, 310 S.W.3d 411, 412 (Tex. 2010); *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). A plaintiff is usually classified as an invitee, licensee, or trespasser. *Mellon Mortg. Co. v. Holder*, 5 S.W.3d 654, 655 (Tex. 1999). "An invitee is 'one who enters on another's land with the owner's knowledge and for the mutual benefit of both.'" *American Indus. Life Ins. Co. v. Ruvalcaba*, 64 S.W.3d 126, 134 (Tex. App.— Houston [14th Dist.] 2001, pet. denied) (quoting *Rosas v. Buddie's Food Store*, 518 S.W.2d 534, 536 (Tex. 1975)); *see also* RESTATEMENT (SECOND) OF TORTS § 332 (1965). The parties do not dispute that Sedita was a business invitee.

Premises owners and operators owe a duty to keep premises safe for invitees against conditions on the property that pose unreasonable risks of harm. *Brinson Ford, Inc. v. Alger*, 228 S.W.3d 161, 162 (Tex. 2007); *Wal–Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998). This duty, however, does not make the premises owner or operator an "insurer" of the invitee's safety. *See, e.g., Gonzalez*, 968 S.W.2d at 936.

11

To prevail as an invitee plaintiff, Sedita had to prove: (1) actual or constructive knowledge of some condition on the premises by the owner/operator; (2) the condition posed an unreasonable risk of harm; (3) the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and (4) the owner/operator's failure to use such care proximately caused the plaintiff's injuries. *Id*. (citing *Keetch*, 845 S.W.2d at 264).

To establish that Royal Sweeping had actual or constructive knowledge of the gravel and twigs in the parking garage, Sedita had to prove that Royal Sweeping: (1) placed the substance in the garage; (2) actually knew that the substance was in the garage; or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it. *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002).

Sedita asserts that there is summary-judgment evidence that Royal Sweeping left the debris behind on March 7, 2010 when it swept the parking garage. In support, she again points to her testimony that Figg told her that the debris "possibly came from a Royal Sweeping truck," the "period," described by Kupfer, between the time when debris is blown and when vacuumed upon by the truck, and the notation on Royal Sweeping's work order that it was "windy" on March 7, 2010. And Sedita again argues that Kupfer's testimony that Royal Sweeping has sometimes received calls from customers to come back and clean up missed debris

12

provides more than a scintilla of evidence that it left the debris behind on March 7, 2010, the day before she fell.

Sedita presented no evidence that Royal Sweeping placed the debris on the floor of the garage or had actual or constructive knowledge of the debris. Figg testified that he did not see the debris on which Sedita claims to have fallen, and he had earlier walked by the area, which is near his office door. Thus, even the property management company on site that morning was unaware of any dangerous condition. And Sedita presented no evidence that Royal Sweeping had been contacted by anyone at the property management company or that the driver and helper were aware there was debris remaining that they needed to clean up. And approximately fourteen to sixteen hours passed from the time that Royal Sweeping swept the garage to the time of Sedita's fall. Sedita did not meet her burden of presenting evidence to raise a genuine issue of material fact on the challenged element of actual or constructive knowledge of a condition on the premises. Accordingly, we hold that the trial court did not err in granting Royal Sweeping's no-evidence summary-judgment motion on Sedita's claim for premises liability.

We overrule Sedita's second issue.

## Conclusion

We affirm the judgment of the trial court.


                                        Terry Jennings
                                        Justice

Panel consists of Justices Jennings, Brown, and Huddle.