**Affirmed and Memorandum Opinion filed August 31, 2018.**



In The

# Fourteenth Court of Appeals

## NO. 14-17-00079-CV

**ASMA SAID, Appellant**

**V.**

**SUGAR CREEK COUNTRY CLUB, INC., Appellee**

**On Appeal from the 61st District Court
Harris County, Texas
Trial Court Cause No. 2015-71133**

## M E M O R A N D U M   O P I N I O N

Appellant Asma Said appeals the summary judgment granted in favor of appellee Sugar Creek Country Club, Inc. on her negligence claim based on a premises-liability theory. Said sustained injuries when stepping off a curb while leaving Sugar Creek following a wedding. Sugar Creek moved for traditional summary judgment, arguing that the curb was not an unreasonably dangerous condition as a matter of law, and that the condition was open and obvious. The trial

court granted Sugar Creek's motion without specifying the grounds for its ruling. The trial court also denied a motion for continuance filed by Said in which she sought additional time for further discovery.

On appeal, Said challenges both grounds for summary judgment. She first argues that the curb was unreasonably high at the point at which she stepped off. We conclude that the evidence establishes the step did not pose an unreasonably dangerous condition as a matter of law because there was nothing unusual about the step and it was clearly marked and visible to pedestrians. We therefore need not address whether the condition was open and obvious. Finally, we conclude that the trial court acted within its discretion in denying a continuance. We affirm the trial court's summary judgment.

## BACKGROUND

Said testified in her deposition that she and her husband attended a wedding at Sugar Creek on the evening of June 20, 2014. They chose not to valet park their car and instead self-parked in an adjacent parking lot. To enter the Sugar Creek clubhouse from that parking lot, Said and her husband walked up a sloping driveway next to other cars waiting to valet park, approached the front entrance of the clubhouse, and entered through the front door. In doing so, Said did not pass by or step up onto the curb at the location where she later fell.

Said and her husband left the reception at approximately 11:00 p.m. Said exited the front door of the clubhouse and turned immediately left down a tiled patio heading toward the parking lot where her car was parked. Her husband remained at the entrance to the club talking with friends. After walking several steps along the tiled patio, Said decided to step off the patio onto the sloping driveway leading towards the parking lot. She testified that at the point where she stepped off the patio, the curb dividing the patio from the driveway was painted red and she was

2

aware there was a step down. She explained the step was higher than she anticipated. As she stepped off, her foot "kept going" and she fell.

Said filed this suit against Sugar Creek seeking to recover actual damages under a negligence claim based on premises liability and exemplary damages based on an allegation of gross negligence. She alleged that the curb represented an unreasonably dangerous condition because the curb is "at least twelve (12) inches high, which is twice the height of the average curb, without any warning to invitees." Sugar Creek moved for traditional and no-evidence summary judgment. In its traditional motion, Sugar Creek asserted two independent grounds: (1) the curb did not pose an unreasonable risk of harm; and (2) the condition of the curb was open and obvious. In support, Sugar Creek relied upon Said's testimony that she saw the step off of the curb but simply did not appreciate the height of the step.

Sugar Creek also attached the affidavit of a professional civil engineer, who explained that the clubhouse sits at the top of a small hill with a circular driveway in front that declines in both directions going away from the clubhouse toward the street. As the driveway declines, the patio attached to the front of the clubhouse remains relatively level, resulting in a gradual increase of the curb height towards the northwest corner of the patio where Said stepped off of the curb. According to the expert "[v]arying curb heights is consistent with common construction practices." The curb is painted red along the entire length of the club's front elevation and all the way down the driveway. The curb is visible to both a pedestrian standing in the driveway and a pedestrian standing on the patio who attempts to step down. Further, because the driveway and tiled patio are made from different construction materials, there is clear contrast between the patio and driveway, and the edge of the patio is clearly visible. The expert stated that the curb does not violate any applicable building or construction codes or any Sugar Land city codes or

3

municipal ordinances.

Sugar Creek also relied on an affidavit from its general manager. The manager stated that the club was completed in 1975 and there had been no material alterations to the structure or appearance of the curb or the front of the club since he began his employment in 2009. The manager further averred that, in his role as general manager, he is notified of all reported injuries, accidents, falls or other incidents concerning the premises, as well as complaints made to staff by members or guests related to any condition of the premises. With the exception of Said's fall, there had been no reported falls or other similar incidents related to the curb during the entirety of his employment, and he had never been notified of any complaints concerning the curb. At his deposition, the manager stated that the club had not added any written warning at the place where Said stepped off the curb because it had "never had any incident of any kind relating to somebody's inability to manage the curb."

In response to the motion for summary judgment, Said pointed to other deposition testimony in which the manager agreed that at the entrance of the club, the curb is about six inches high and the height gradually increases as one walks along the patio. When shown a picture of the view while looking down from the patio to the driveway around the point where Said stepped off, the manager stated that it was difficult to determine the change in the curb height from the photograph. The manager also agreed it was possible other people may have fallen off the curb because it was too high, and he just did not know about it. Said stated in her own affidavit that the height of the curb where she stepped off the patio is eleven inches, that the curb height and driveway slope were neither open nor obvious when looking down, and she had "no idea that the curb was nearly twice as high as a curb of normal height or that the driveway sloped downward."

Seven days before the hearing on the motions for summary judgment, Said filed a motion for continuance contemporaneously with her response. As grounds for continuance, Said cited her need for responses to her second request for production (due after the hearing on the motion for summary judgment), which she propounded after taking the deposition of Sugar Creek's general manager and learning of an "incident reports" file. She also cited her desire to take the deposition of Sugar Creek's expert witness regarding the opinions he expressed in his affidavit. The trial court denied the motion for continuance and instead granted the traditional motion for summary judgment in favor of Sugar Creek. Said filed a motion for new trial, which the trial court denied. This appeal followed.

## ANALYSIS

Said raises four issues on appeal: (1) whether the trial court erred in granting summary judgment in favor of Sugar Creek; (2) whether summary judgment should have been denied because Sugar Creek failed to establish as a matter of law that the curb was not unreasonably dangerous and the condition of the curb was open and obvious; (3) whether the trial court abused its discretion in denying Said's motion for continuance; and (4) whether the trial court erred by granting more relief than requested by dismissing the part of her claim in which she sought to recover exemplary damages based on an allegation of gross negligence. We first address whether the trial court properly granted summary judgment on the grounds asserted by Sugar Creek in its traditional motion for summary judgment and whether the trial court granted more relief than requested. We then address whether the trial court abused its discretion in denying the motion for continuance.

5

**I.**    **The trial court properly granted summary judgment on Said's negligence claim.**

    **A.**    **Standards of review and applicable law**

We review the trial court's grant of summary judgment de novo. *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). We consider all of the summary judgment evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if a reasonable factfinder could and disregarding contrary evidence unless a reasonable factfinder could not. *See Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006).

To prevail on a traditional motion for summary judgment, the movant must establish there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). The non-movant bears no burden to respond to a motion for summary judgment unless the movant conclusively establishes its cause of action or defense. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000) (per curiam). Evidence raises a genuine issue of material fact if reasonable and fair-minded jurors could differ in their conclusions in light of all the summary judgment evidence. *See Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007) (per curiam). When the movant is a defendant, a trial court should grant summary judgment if the defendant negates at least one element of each of the plaintiff's causes of action. *Clark v. ConocoPhillips Co.*, 465 S.W.3d 720, 724 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

A negligence claim based on a theory of premises liability requires proof that (1) the defendant owed a duty, (2) a breach of that duty, and (3) damages proximately caused by the breach. *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 767 (Tex. 2010). The scope of the premises owner's duty depends on the plaintiff's status. *Id.*

Where, as here, the plaintiff is an invitee, the property owner must exercise ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition about which the property owner knew or should have known. *Id.*; *see Brinson Ford, Inc. v. Alger*, 228 S.W.3d 161, 162 (Tex. 2007) (per curiam).

**B.    The curb does not pose an unreasonable risk of harm.**

To prove her claim, Said must establish that Sugar Creek breached a duty to reduce or eliminate an unreasonable risk of harm posed by a condition on the premises. *Brinson Ford*, 228 S.W.3d at 162. Said characterizes the curb where she stepped down onto the driveway as an unreasonably dangerous condition, maintaining that it is twice the height of a normal curb. Thus, the question on summary judgment is whether Sugar Creek proved as a matter of law that the curb did not pose an unreasonable risk of harm.

A condition posing an unreasonable risk of harm "is defined as one in which there is a sufficient probability of a harmful event occurring that a reasonably prudent person would have foreseen it or some similar event as likely to happen." *Seideneck v. Cal Bayreuther Assocs.*, 451 S.W.2d 752, 754 (Tex. 1970). A condition will not be deemed unreasonably dangerous simply because it is not foolproof. *Brinson Ford*, 228 S.W.3d at 163. Although whether a condition is unreasonably dangerous generally presents a fact issue, courts have held as a matter of law that a condition did not pose an unreasonable risk of harm. *See, e.g.*, *Brinson Ford*, 228 S.W.3d at 163; *Seideneck*, 451 S.W.2d at 755; *Martin v. Chick-fil-a*, No. 14-13-00025-CV, 2014 WL 465851, at *3 (Tex. App.—Houston [14th Dist.] Feb. 4, 2014, no pet.) (mem. op.). In *Brinson Ford*, the court held as a matter of law that a pedestrian ramp did not pose an unreasonable risk of harm where it was clearly marked, no other injuries had occurred in the past, no other invitees had complained of the condition, and the ramp met applicable safety standards. 228 S.W.3d at 163;

7

*see also Seideneck*, 451 S.W.2d at 754 (no evidence of an unreasonably dangerous condition where plaintiff did not establish offending rug was defective or "unusual").

Sugar Creek presented evidence that the curb has existed in its current state for many years and its manager was aware of no other complaints or reports of persons having trouble stepping from the curb to the driveway. Further, its expert averred that curbs of varying height are common in the construction industry.[1] The curb is clearly marked with red paint and the patio is a different material from the driveway, making the curb visible to pedestrians stepping off the curb.[2] The expert testified that the curb does not violate any applicable building codes or ordinances. Although the lack of other similar incidents, by itself, may not be conclusive, *see, e.g., Hall v. Sonic Drive-In of Angleton, Inc.*, 177 S.W.3d 636, 646 (Tex. App.— Houston [1st Dist.] 2005, pet. denied), nothing in the record suggests the condition of this curb was unusual. *See, e.g., Brinson Ford*, 228 S.W.3d at 163; *Seideneck*, 451 S.W.2d at 754; *cf. Kroger Co. v. Elwood*, 197 S.W.3d 793, 795 (Tex. 2006) (per curiam) (holding employer not liable as matter of law where injury resulted from performing same character of work that employees in that position have always

---

[1] In her brief on appeal, Said contends that Sugar Creek's expert affidavit should not have been considered because the testimony is not helpful. According to Said, the testimony goes to "whether the curb is too high, and curb height is an issue dealt with by everyone who walks or has walked." We disagree that standard curb height, or whether varying curb heights are common in the construction industry, are matters within the general knowledge of jurors. *See K-Mart Corp. v. Honeycutt*, 24 S.W.3d 357, 360 (Tex. 2000) (expert testimony assists trier-of-fact when knowledge on relevant issue is beyond that of average juror).

[2] Said argues that the red paint does not support the trial court's summary judgment, relying on the statement in *Brinson Ford* that yellow stripping on the ramp was "a common method used to indicate a change in elevation." *Brinson Ford*, 228 S.W.3d at 163. Whether the curb was painted red or yellow is immaterial in this case for two reasons. First, there is no testimony that only yellow paint signifies a change in elevation. Sugar Creek's expert stated that the red paint is visible to a pedestrian who is standing on the patio and attempts to step down on to the driveway, and that the edge of the patio is clearly visible with differing materials used on the patio and driveway. Second, Said stated that she was in fact aware of a change in elevation: she saw the step and knew that she was stepping down from the patio to the driveway.

performed and no evidence indicated work was unusually precarious).  We therefore conclude that Sugar Creek met its initial burden of establishing that the curb did not pose an unreasonable risk of harm as a matter of law.

Said argues the curb poses an unreasonably dangerous condition because it is "twice as high as a normal curb."  She further argues that the "gradual, yet substantial, change in the height of the curb, without a warning of the same, posed an unreasonably dangerous condition when stepping down from the curb."  But Sugar Creek presented evidence that varying curb heights are common and Said presented no contrary evidence.  Although she did attach photographs of the curb showing the sloping driveway and gradual change in height from approximately six inches to approximately eleven inches, the photographs do not show an unusually large curb or step-off.  *See Seideneck*, 451 S.W.2d at 754 (plaintiff presented no evidence that rug with decorative fringe and tassels was "unusual" or would have suggested to defendant that it presented the prohibited degree of danger).  Said presented no expert or factually supported testimony regarding normal curb height.[3]

In *Christus Health Southeast Texas v. Wilson*, the Eleventh Court of Appeals addressed whether sufficient evidence supported a jury's finding of an unreasonably dangerous condition where the plaintiff failed to see a curb in a parking garage.  305 S.W.3d 392, 395 (Tex. App.—Eastland 2010, no pet.).  When the plaintiff walked off the unseen curb, she fell and injured herself.  *Id.*  The curb was unpainted and made of similar material as the ground on which the plaintiff fell.  *Id.* at 398.  The expert in *Wilson* testified that the curb should have been painted or made of a

---

[3] Said does state in her affidavit "I had no idea that the curb was nearly twice as high as a curb of normal height or that the driveway sloped downward."  She does not include any facts supporting her statement regarding a curb of normal height, rendering her statement conclusory and insufficient to avoid summary judgment.  *See Purcell v. Bellinger*, 940 S.W.2d 599, 602 (Tex. 1997) (holding conclusory statements unsupported by facts insufficient to raise fact issue).

different material so that pedestrians would have a warning of an elevation change. *Id.* Importantly, the premises owner in *Wilson* had notice of several prior incidents of people falling off of unpainted curbs in the garage. *Id.* As a result, the court concluded the evidence supported the jury's finding of an unreasonably dangerous condition. *Id.*

In this case, the only evidence Said presented to rebut Sugar Creek's proof that the curb was not an unreasonably dangerous condition is the fact of her own accident. As a matter of law, that fact alone is insufficient to avoid summary judgment. *See Thoreson v. Thompson*, 431 S.W.2d 341, 344 (Tex. 1968) ("It is clear . . . that the fact an accident happens is no evidence that there was an unreasonable risk of such an occurrence; because almost an[y] activity involves some risk of harm."); *Martin*, 2014 WL 465851, at \*6; *Dietz v. Hill Country Rests., Inc.*, 398 S.W.3d 761, 767 (Tex. App.—San Antonio 2011, no pet.) ("Standing alone, Dietz's testimony [regarding the circumstances of her fall] does no more than create a mere surmise or suspicion of an unreasonable risk of harm.").

Sugar Creek's general manager did acknowledge under questioning at his deposition that he was not saying other falls had never happened just because no one had brought any to his attention. But this acknowledgment amounts to speculation as to a possibility; it does not amount to evidence that such falls actually have occurred or that Sugar Creek knew or should have known of some unusual condition of the curb. Such speculation is no more than a scintilla of evidence and is insufficient to defeat summary judgment. *See Seideneck*, 451 S.W.2d at 755.

We conclude Sugar Creek established as a matter of law that the curb did not pose an unreasonable risk of harm. Therefore, the trial court properly granted summary judgment on Said's negligence claim. We overrule Said's first two issues.

**II.**     **Sugar Creek's motion was sufficiently broad to support summary judgment on Said's allegation of gross negligence.**

In her fourth issue, Said argues the trial court erred in granting more relief than requested because Sugar Creek did not mention her allegation of gross negligence in its motion for summary judgment. A trial court errs when it grants summary judgment on grounds not expressly set out in the motion or response. *See Stiles v. Resolution Trust Corp.*, 867 S.W.2d 24, 26 (Tex. 1993); *Bridgestone Lakes Cmty. Improvement Ass'n, Inc. v. Bridgestone Lakes Dev. Co., Inc.*, 489 S.W.3d 118, 123 (Tex. App.—Houston [14th Dist.] 2016, pet. denied).

In her petition, Said pleaded a negligence claim based on a premises-liability theory. In addressing the damages portion of her negligence claim, Said alleged that Sugar Creek's "conduct was grossly negligent and/or malicious" and stated she therefore was suing for exemplary damages. Said did not purport to plead gross negligence as an independent claim; rather, Said alleged gross negligence as a potential basis for recovering exemplary damages in addition to actual damages based on her negligence claim. In this context, Said's allegation of gross negligence is not a claim separate from her negligence claim, and Said cannot recover exemplary damages unless she first proves negligence. *See Nowzaradan v. Ryans*, 347 S.W.3d 734, 739 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (concluding that negligence and gross negligence are not separate claims but are inextricably intertwined); *Wortham v. Dow Chemical Co.*, 179 S.W.3d 189, 201 n.16 (Tex. App.—Houston [14th Dist.] 2005, no pet.). Thus, a summary-judgment ground that would support dismissal of Said's negligence claim is sufficiently broad to support the dismissal of the part of her negligence claim in which she seeks to recover exemplary damages based on an allegation of gross negligence. *See Wortham*, 179 S.W.3d at 201-02 & n.16.

11

As discussed above, Sugar Creek proved as a matter of law that the curb was not an unreasonably dangerous condition. Because there was no breach of any duty Sugar Creek owed Said with regard to her negligence claim, Said cannot recover exemplary damages based on her allegation of gross negligence. *See id.* at n.16 (stating "[a] plaintiff who cannot support a cause of action for negligence cannot succeed on gross negligence because a finding of ordinary negligence is a prerequisite to a finding of gross negligence."); *Dubose v. Worker's Med. P.A.*, 117 S.W.3d 916, 922 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (negligence claim was barred by lack of physician-patient relationship between plaintiff and defendant; thus, summary judgment was also proper on unaddressed negligent misrepresentation and fraud claims that were dependent on the negligence claim). This summary-judgment ground is sufficiently broad to support the dismissal of the part of Said's negligence claim in which she seeks to recover exemplary damages based on an allegation of gross negligence. *See Nowzaradan*, 347 S.W.3d at 739; *Wortham*, 179 S.W.3d at 201-02 & n.16. Accordingly, the trial court did not grant more relief than Sugar Creek requested. We overrule Said's fourth issue.

### III. The trial court did not abuse its discretion by denying a continuance.

In her third issue, Said challenges the trial court's order denying her motion for continuance of the summary judgment hearing. Texas Rule of Civil Procedure 166a(g) allows a trial court to order a continuance of a summary judgment hearing if it appears "from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition." Tex. R. Civ. P. 166a(g). In her motion, Said gave two reasons for seeking a continuance: (1) to receive Sugar Creek's response to her second request for production (due one week after the hearing), in which she sought an incident report file, agendas and minutes of Sugar Creek's safety committee, and records from Sugar Creek's valet

12

service; and (2) to take the deposition of Sugar Creek's expert in response to his affidavit attached to the motion for summary judgment.

We review a trial court's decision to deny a motion for continuance for a clear abuse of discretion and on a case-by-case basis. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004) (citing *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002)). A clear abuse of discretion is shown when a trial court reaches a decision "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Id.* Courts consider the following non-exclusive factors in determining whether a trial court has abused its discretion in denying a motion for continuance for additional discovery: (1) the length of time the case has been on file; (2) the materiality and purpose of the discovery sought; and (3) whether the party seeking the continuance has exercised due diligence to obtain the discovery sought. *Id.*; *Muller v. Stewart Title Guar. Co.*, 525 S.W.3d 859, 867 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

### A.    Length of time the case has been on file

Said filed her case as level 2 under Rule 190.3 of the Texas Rules of Civil Procedure. At the time Said sought a continuance, the case had been on file for approximately eleven months and discovery had been open for approximately nine months. The discovery period was set to end almost six weeks later. Said argues that she had only a short time to conduct discovery after the answer was filed, citing our decision in *Brewer & Pritchard, P.C. v. Johnson*, 167 S.W.3d 460 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) as support. But that case was in a different procedural posture: the trial court denied any discovery at all following a remand from the Supreme Court of Texas on a specific issue, which we held was an abuse of discretion. *Id.* at 465, 469. Here, in contrast, the trial court did not deny all discovery, and Said had over nine months to conduct discovery before the summary-

judgment hearing. *See Perotta v. Farmers Ins. Exch.*, 47 S.W.3d 569, 576 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (trial court acted within its discretion in denying continuance; seven months was sufficient to effect discovery before motion for summary judgment filed). This factor weighs in favor of finding no abuse of discretion in the trial court's denial of a continuance.

### B.      Materiality of the information sought

Said contends the information sought—incident reports, minutes of the safety committee identified in a deposition, and the club's valet services records—was material to her negligence claim because this information may have revealed other witnesses or other falls on the curb. She also argues the deposition of Sugar Creek's expert was needed to further explicate his opinions about the safety of the curb.

According to Sugar Creek, the documents sought were encompassed by Said's earlier requests for production and all responsive documents already had been produced. Sugar Creek contends Said failed to show how the additional discovery requests would have elicited any additional material information related to the curb or incident at issue.

We conclude that at least some of the information sought—including the incident reports and minutes—could be material, though it is unclear whether Said's requests would have revealed any information not previously produced.[4] In addition, the deposition of Sugar Creek's expert would be material to the opinions

---

[4] In her appellate brief, Said expresses concern about whether Sugar Creek was complying with its discovery obligations, noting that the general manager said at his deposition that he had not been shown the First Request for Production of Documents. Sugar Creek responds that the parties had limited their discovery requests to the curb at issue, and the failure to show the general manager the actual document titled First Request for Production of Documents does not establish that the general manager was not asked to gather and produce responsive documents. We express no opinion on this dispute because it is not necessary to our disposition of Said's issue on appeal. *See* Tex. R. App. P. 47.1.

14

he expressed regarding the curb in his affidavit. This factor weighs in favor of finding an abuse of discretion in the trial court's denial of a continuance.

### C. Due diligence in obtaining the discovery sought

A party seeking a continuance also must establish that it acted diligently to obtain the discovery sought. *See Duerr v. Brown*, 262 S.W.3d 63, 79 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *Schmidt v. Bell*, No. 01-06-00161-CV, 2008 WL 921702, at *1 (Tex. App.—Houston [1st Dist.] Apr. 3, 2008, no pet.) (verified motion for continuance must state with particularity the diligence used to obtain the evidence). Said stated in her motion that she was unaware of the documents' existence until the general manager's deposition, and that within two weeks of the deposition she sent the second set of discovery requests. Said argues on appeal that the documents were (1) responsive to her first request for production and should have been produced earlier; and (2) she only learned of them at the deposition of the general manager. If the documents were responsive to the first request for production, Said could have filed a motion to compel production of the documents after the deposition and before the hearing on the motion for summary judgment. She did not. Said's failure to utilize the rules of civil procedure to file a motion to compel does not support a continuance. *See Duerr*, 262 S.W.3d at 79.

Even assuming the documents were not responsive to the first request and Said only learned of the additional documents at the deposition of the general manager, Said does not explain why she did not ask for the documents until after the motion for summary judgment had been filed. Though Said did not wait that long after the deposition to request the documents, the case already was near the end of the discovery period and Said offered no explanation for her nearly two-week delay. A party that does not seek discovery diligently runs the risk of not being able to obtain the needed discovery before the hearing. *See Duerr*, 262 S.W.3d at 79.

15

With regard to the deposition of Sugar Creek's expert, Said states that she did not seek the deposition immediately after receiving the motion for summary judgment because she wished to have the responses to her second request for production before doing so. But that is a strategy decision Said made; nothing prevented her from seeking the deposition earlier if she believed it necessary to respond to the motion for summary judgment. "When a party is prevented from deposing opponents because it failed to act timely, that is a predicament of its own making and a risk the party takes by not diligently pursuing discovery." *Duerr*, 262 S.W.3d at 79 (internal quotations omitted); *see Carter v. MacFadyen*, 93 S.W.3d 307, 311 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). This factor weighs in favor of finding no abuse of discretion in the trial court's denial of a continuance.

## D.    Noncompliance with Texas Rule of Civil Procedure 252

We also note that Said's motion did not comply strictly with the procedures for a continuance set forth in Rule 252 of the Texas Rules of Civil Procedure. To establish an abuse of discretion, the record must show that the complainant complied with the rules governing a motion for continuance. *See Lee v. Lee*, 528 S.W.3d 201, 221 (Tex. App.—Houston [14th Dist.] 2017, pet. denied). Rule 252 expressly states that a motion for continuance must state, among other things, "that the continuance is not sought for delay only, but that justice may be done. . .." Tex. R. Civ. P. 252. Although Said did file a declaration attesting to the statements contained in the motion for continuance, a statement that the motion was not sought for delay only, but that justice may be done, is not contained in either the motion or the declaration attached to the motion. This factor weighs in favor of finding no abuse of discretion in the trial court's denial of the continuance.

In sum, although the materiality of the discovery sought weighs in favor of granting a continuance, the length of time the case has been on file and the due

diligence factors weigh in favor of the trial court's decision to deny the motion for continuance. In addition, the motion for continuance did not comply strictly with Rule 252. Having reviewed the record and motion for continuance filed by Said, we cannot say the trial court clearly abused its discretion in denying her motion. We overrule Said's third issue.

## CONCLUSION

Having overruled Said's four issues on appeal, we affirm the trial court's judgment.

/s/    J. Brett Busby
        Justice

Panel consists of Chief Justice Frost and Justices Busby and Wise.